IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:11-CV-00103-GHD-DAS

THE KROGER CO.; E & A SOUTHEAST
LIMITED PARTNERSHIP; FULTON IMPROVEMENTS, LLC;
KANSAS CITY RAILWAY COMPANY; and CITY OF CORINTH              DEFENDANTS

**MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND
GRANTING DEFENDANT'S MOTION TO STRIKE**

Presently before the Court are Defendant The Kroger Co.'s motion for judgment on the pleadings [66] and motion to strike [88]. Upon due consideration, the Court finds that the motion for judgment on the pleadings [66] should be granted in part and denied in part, and the motion to strike [88] should be granted.

*A. Factual and Procedural Background*

From the evening of May 1, 2010 until the early morning hours of May 2, 2010, heavy rain pelted the Corinth, Mississippi area, causing nearby Elam Creek to flood. Plaintiff Kmart Corporation ("Kmart") alleges that due to the acts and omissions of several Defendants the flood water rose and flowed forcefully into the back of the Corinth Kmart store, rushing in the rear doors and causing extensive damage to the store. The Corinth Kmart store was closed for repairs from the time of the May 2010 flood until February 2011, when the store reopened for business. On April 27, 2011, Kmart alleges its Corinth store incurred additional costs to prevent subsequent damage from another anticipated flood event. Kmart brings this action against Defendants The Kroger Co. ("Kroger"); E & A Southeast Limited Partnership; Fulton Improvements, LLC;

1

Kansas City Southern Railway Company; and the City of Corinth.[1] The Court will limit its analysis to Kmart's claims against Kroger, as the present motion for judgment on the pleadings [66] and motion to strike [88] concern only those particular claims. The Court will first address the motion to strike and will then address the Rule 12(c) motion.

### B. Motion to Strike

In ruling on a Rule 12(c) motion for judgment on the pleadings, a court must determine upon a review <u>limited to the pleadings</u> whether the plaintiff has stated a valid claim for relief. *See* FED. R. CIV. P. 12(c). "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

Kmart has attached to its response a flooding evaluation report by EFI Global. Kroger correctly states in its motion to strike that this report contains factual matters outside the pleadings, and thus would not be properly considered on a Rule 12(c) motion for judgment on the pleadings. The Court finds that Kroger's motion to strike [88] is well taken; the flooding evaluation report by EFI Global, as well as any references to or statements of reliance on said report, shall be stricken from Kmart's response to the Rule 12(c) motion for judgment on the pleadings. Having addressed this preliminary matter, the Court now turns to the Rule 12(c) motion.

### C. Rule 12(c) Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A Rule 12(c) motion is governed by the same

---

[1] Although Kmart also brought this action against the Federal Emergency Management Agency ("FEMA"), FEMA has since been dismissed from the case on sovereign immunity grounds. *See* Court's Order [50] and Mem. Op. [51] Granting FEMA's Mot. Dismiss.

standards as a Rule 12(b)(6) motion—that is, that the court must determine upon a review of the pleadings whether the plaintiff has stated a valid claim for relief. *Brown v. CitiMortgage, Inc.*, 472 F. App'x 302, 303 (5th Cir. 2012) (per curiam) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise more than a sheer possibility that the defendant has violated the law as alleged. Furthermore, the factual allegations must be enough to raise a right to relief above the speculative level. In determining whether a complaint states a claim that is plausible on its face, the court draws on its judicial experience and common sense.

*Oceanic Exploration Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (per curiam) (internal quotation marks and citations omitted).

Although the Court need not "accept as true conclusory allegations or unwarranted deductions of fact," *see Great Plains Trust Co.*, 313 F.3d at 313, dismissal is appropriate on a motion for judgment on the pleadings only "when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," *id.* at 302–03. "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th

Cir. 1990) (per curiam) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 509–10 (1990)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)). "The issue is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claims." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

### D. Discussion and Analysis

Kroger maintains in its motion for judgment on the pleadings [66] that Kmart's claims against it should be dismissed, because the pleadings indicate that Kmart can prove no set of facts in support of its claims. Kmart's complaint presents three basic theories of negligence against Kroger. Kmart alleges that Kroger (1) improperly remained in the floodway; (2) participated in securing an improperly granted Letter of Map Revision ("LOMR"), which allowed the Corinth Kroger store to improperly remain in the floodway; and (3) otherwise failed to take necessary steps to prevent harm to Kmart due to Kroger's presence in the floodway. Kmart further alleges that these acts and omissions caused the Corinth Kmart store to sustain extensive flood damage.[2] Kmart avers that Kroger's presence in the floodway on March 1, 2010 "caused a displacement of water and rise in the water level" and "altered the water flow from standing water to a rushing, forceful water flow," both of which resulted in extensive flood damages to the Kmart store.

---

[2] Kmart additionally alleges in its complaint that the Corinth "Kroger store was built in a floodway that existed at the time of the store's construction." Kmart's Compl. [1] ¶ 15. However, it is now an undisputed fact that the building occupied by Kroger was not constructed, owned, or initially occupied by Kroger following the building's construction. Kmart concedes that "Kmart has not sued Kroger for the construction of the Kroger store in a floodway." *See* Kmart's Resp. Opp'n to Kroger's Rule 12(c) Mot. [78] at 8. Thus, it is not necessary for the Court to address this factual allegation.

4

Kmart's Compl. [1] ¶¶ 26–27. Kmart further avers that Kroger's presence in the floodway on April 27, 2011 "caused a displacement of water and a rise in the water level, resulting in Kmart having to incur expenses to prevent water from entering" its Corinth store. *Id.* ¶ 28.

Kroger presents three basic arguments in support of dismissal. First, Kroger contends that it owes no legal duties to Kmart, as Kroger was merely a tenant of the building it occupied, and any such negligence action would instead lie against the owner of the building occupied by Kroger. Kroger next contends that any role it played in the issuance of the LOMR that allowed the Corinth Kroger store to remain in the floodway is no basis for a cause of action against Kroger, and further, that any such action would be preempted under the National Flood Insurance Act (the "NFIA"). Finally, Kroger contends that it had no authority to alter the leased premises and that any such action would have constituted waste against the landlord. The Court will address each argument for dismissal in turn.

The Court finds with respect to Kroger's first argument that Kroger's status as a tenant of the subject building does not absolve it from liability.[3] Under general negligence principles, it is conceivable that Kroger and Kmart were neighboring store tenants with a duty of reasonable care to prevent harm to each other. *See, e.g., Rhaly v. Waste Mgmt. of Miss., Inc.*, 43 So. 3d 509, 511–12 (Miss. Ct. App. 2010) (waste management company serving store had duty of reasonable care to prevent damage to neighboring landowners' property from placing garbage receptacle too close

---

[3] The Corinth Kroger store apparently has been a tenant of the building it occupies since September 11, 1998. See Kmart's Compl. [1] ¶¶ 29, 52; E & A's Answer [21] ¶ 29; Fulton's Answer [16] at 2; Kmart's Resp. to Kroger's Rule 12(c) Mot. [78] at 8. The Corinth Kmart store apparently has been a tenant of the building it occupies since December 17, 1991. See Mem. of Lease [66-3] at 1 (referenced in Kmart's Compl. [1] ¶ 19).

E & A Southeast Limited Partnership was the landlord of both the building occupied by Kroger and the building occupied by Kmart from September 11, 1998 through December 14, 2007. See Kmart's Compl. [1] ¶ 29; E & A's Answer [21] 4, ¶ 29. Fulton Improvements, LLC apparently is now the landlord of both the building occupied by Kroger and the building occupied by Kmart, and was as of May 2, 2010 and April 27, 2011. See Kmart's Compl. [1] ¶ 52; Fulton's Answer [21] 2, ¶ 11.

to drainage ditch). The Court finds that Kmart should be allowed to present evidence of Kroger's alleged duty to Kmart with respect to preventing the flood damage to the Corinth Kmart store.

The Court now addresses Kroger's second argument, that Kroger's alleged participation in the issuance of the LOMR is no basis for a cause of action against Kroger, and that even if Kroger's alleged participation in the issuance of the LOMR is the basis of a cause of action against Kroger, the cause of action is preempted under the NFIA. Turning to the face of the pleadings, Kmart alleges in the complaint that Kroger "improperly sought and received" a LOMR from FEMA in 2005, thirteen years after the Kroger store building was constructed. Kmart's Compl. [1] ¶ 24. Kmart further alleges that the LOMR "improperly permitted the Kroger store to remain in the floodway." *Id.* Kmart alternatively alleges that "Kroger was aware of the [LOMR] and knowingly and improperly allowed its store to remain in the floodway." *Id.* ¶ 25. Kmart then alleges that it was Kroger's presence in the floodway (allowed by the LOMR) that caused

> a displacement of water and rise in the water level, resulting in the flood damage incurred at the neighboring [Corinth Kmart store]. Kroger's location within the floodway also altered the water flow from standing water to a rushing water flow. The displaced, rushing, and forceful water flow resulted in extensive flood damages to [the Corinth Kmart store].

*Id.* ¶¶ 26–27. Finally, Kmart alleges that Kroger's presence in the floodway on April 27, 2011 "caused a displacement of water and a rise in the water level, resulting in Kmart having to incur expenses to prevent water from entering [the Corinth Kmart store]." *Id.* ¶ 28.

It is apparent to the Court that Kmart is attempting to state a claim for Kroger's alleged negligence in remaining in the floodway, and that Kroger's alleged participation in obtaining the LOMR is but one patch of the quilt. Kmart has conceded it seeks no recovery from Kroger under the NFIA and that its claims against Kroger lie in common-law negligence. *See* Kmart's Mem.

6

Br. Supp. Resp. Opp'n to Kroger's Mot. Judgment on Pleadings [78] at 11. Kmart's common-law negligence claim is apart from any cause of action under the NFIA and thus is not foreclosed by the NFIA. *See Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 514 (5th Cir. 2008) (citing *Till v. Unifirst Federal Sav. and Loan Ass'n*, 653 F.2d 152, 154 (5th Cir. 1981)). However, Kmart's allegations challenging the issuance of the LOMR fall squarely within the ambit of the NFIA. *See, e.g., Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 987–89 (8th Cir. 2010); *Coal. for a Sustainable Delta v. FEMA*, 812 F. Supp. 2d 1089, 1102 (E.D. Cal. 2011). Common-law negligence is not the proper vehicle for such allegations, as any alleged duty to provide correct flood zone determinations arises out of the NFIA, and not from any state law. *See Ellis v. Countrywide Home Loans, Inc.*, 541 F. Supp. 2d 833, 837 (S.D. Miss. 2008); *Kearney v. First Horizon Home Loan Corp.*, No. 1:07cv121 LG-JMR, 2007 WL 4302963 (S.D. Miss. Dec. 6, 2007); *Lusins v. First Am. Real Estate Solutions of Tex., L.P.*, No. 1:06cv646, 2007 WL 1745625 (S.D. Miss. June 14, 2007). Therefore, such allegations are not tenable in a common-law negligence claim, and furthermore, could only be brought against FEMA, which has the primary responsibility for issuing LOMRs as part of the National Flood Insurance Program. As the Court has already dismissed FEMA from the case *sub judice* on immunity grounds, Kmart is not entitled to offer evidence to prove the allegations concerning the issuance of the LOMR, specifically, that the LOMR "improperly permitted the Kroger store to remain in the floodway." *See* Kmart's Compl. [1] ¶ 24.

However, with respect to Kmart's alternative allegation that Kroger was aware of the LOMR and knowingly and improperly allowed its store to remain in the floodway, the Court finds

7

that Kmart should be allowed to present evidence to support this allegation, as the same supports Kmart's common-law negligence claim.

Finally, with respect to Kroger's third argument that Kroger had no authority to alter the leased premises, Kmart alleges in the complaint that "[t]he Kroger store should have been leveled" instead of being allowed to remain in the floodway. *Id.* ¶ 15. To the extent this allegation pertains to the leveling of land around the Kroger store, the Court notes that it is well settled in Mississippi that a lessee does not have the right to alter his leased premises unless he has authority from his landlord to do so. *See Yazoo & M.V.R. Co. v. Sultan*, 63 So. 672, 674 (Miss. 1913) ("Without the authority from his landlord, we do not see that [the lessee] had the right to construct a new ditch through the land."). However, the Court cannot determine based on the face of the pleadings whether Kroger was authorized to alter the leased premises under the terms of the leasehold agreements for the time periods in question. Accordingly, Kmart should be allowed to offer evidence on this point. For all the foregoing reasons, Kroger's Rule 12(c) motion for judgment on the pleadings [66] shall be granted in part and denied in part.

## *E. Conclusion*

Accordingly, the Court finds that Kroger's motion for judgment on the pleadings [66] shall be GRANTED only insofar as it pertains to the specific allegations by Kmart that Kroger "improperly received" a LOMR, and that the LOMR "improperly permitted the Kroger store to remain in the floodway." In all other respects, Kroger's motion for judgment on the pleadings [66] shall be DENIED. Therefore, Kmart's claims that Kroger negligently remained in the floodway and otherwise failed to exercise reasonable care to prevent harm to the Corinth Kmart store from flooding shall survive this Rule 12(c) motion.

The Court further finds that Kroger's motion to strike [88] shall be GRANTED. Exhibit 1 to Kmart's response [77] to the Rule 12(c) motion, as well as any references in the response to said exhibit, shall be stricken from Kmart's response [77] to the motion for judgment on the pleadings [66].

A separate order in accordance with this opinion will be issued this day.

THIS, 9th day of August, 2013.

_____
SENIOR JUDGE