UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                                                                              PLAINTIFF

v.                                                                                      CIVIL ACTION NO. 1:11-CV-00103-GHD-DAS

THE KROGER CO. and E & A SOUTHEAST
LIMITED PARTNERSHIP                                                                                         DEFENDANTS

### MEMORANDUM OPINION GRANTING DEFENDANT E & A SOUTHEAST LIMITED PARTNERSHIP'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant E & A Southeast Limited Partnership's motion for summary judgment [267]. Upon due consideration, the Court finds the motion should be granted.

***A. Factual and Procedural Background***

The Corinth, Mississippi Kroger store and Kmart store are neighboring tenants in the Fulton Crossing Shopping Center. In May of 2010, heavy rain pelted the Corinth area, causing nearby Elam Creek to flood. The Corinth Kmart store sustained extensive flood damage and was closed for repairs from the time of the May 2010 flood until February 2011, when the store reopened for business. The Corinth Kmart store then incurred further additional costs to prevent subsequent damage from another anticipated flood event.

Kmart Corporation ("Kmart") brings this action against Defendants The Kroger Co. and E & A Southeast Limited Partnership ("E & A") to recover for the flood damage sustained by the Corinth Kmart store allegedly caused by actions and omissions of Defendants.[1] Kmart alleges,

---

[1] Although Kmart also initially brought this action against the Federal Emergency Management Agency ("FEMA"), the City of Corinth, Fulton Improvements, LLC, and Kansas City Southern Railway Company, those parties have been dismissed from the case. The Court dismissed FEMA and the City of Corinth on immunity grounds. *See* Ct.'s Order [50] & Mem. Op. [51] Granting FEMA's Mot. Dismiss; Ct.'s Order [209] & Mem. Op.

1

*inter alia*, that the neighboring building occupied by the Corinth Kroger store was initially constructed halfway in the floodplain and halfway in the floodway, and that in 2005, thirteen years after the Kroger store building was constructed, the Federal Emergency Management Agency ("FEMA") issued a Letter of Map Revision ("LOMR") that removed the Kroger store from the regulatory floodway after finding it was inadvertently included in the floodway.

On July 25, 2013, Kmart filed a motion for leave to file a proposed amended report of its retained expert, John R. Krewson, to recalculate the estimated water level to correct prior inaccuracies in Krewson's initial report, and in so doing, to change Kmart's theory of the case. On September 27, 2013, the Court entered an Order [243] stating that it would consider a limited amendment of only mathematical errors to the Krewson report. Kmart filed another motion for leave [271] to file a newly proposed amended Krewson report and attached the same for the Court's consideration. After careful consideration of the newly proposed amended report, the Court denied Kmart's request to amend the Krewson report. Accordingly, when this memorandum opinion references the Krewson report, the opinion refers to Krewson's initial report, unless otherwise indicated.

On October 8, 2013, E & A filed the present motion for summary judgment [267]. Kmart has filed a response, and E & A has filed a reply. The matter is now ripe for review. As the present motion concerns Kmart's claims against E & A, the Court will focus its attention on those claims.

---

[210] Granting City of Corinth's Mot. Dismiss. In addition, the Court granted summary judgment to Fulton Improvements, LLC and Kansas City Southern Railway Company. *See* Ct.'s Order [354] & Mem. Op. [355] Granting Fulton's MSJ; Ct.'s Order [358] & Mem. Op. [359] Granting KCSR's MSJ.

### *B. Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. 2548 (internal quotation marks omitted). *Accord Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmovant. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations,

3

unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *C. Analysis and Discussion*

In its motion for summary judgment [267], E & A argues that Kmart's claims against it should be dismissed on the following grounds: (1) "[a]ny allegation stemming from the issuance of the LOMR falls squarely within the ambit of the NFIA"; (2) "[t]he statute of limitations has run on all claims against [E & A]"; (3) the Kroger store is not located within a floodway; (4) Kmart cannot show that the presence of the Kroger store caused any damage to Kmart during the subject flood; and (5) the proximate cause of the subject flood was an Act of God and was thus unforeseeable. E & A Mem. Br. Supp. MSJ [268] at 4–16.

At the outset, the Court addresses E & A's argument that Kmart's claims are barred by the applicable statute of limitations. The parties agree that Kmart's claims against E & A are subject to the three-year statute of limitation under Mississippi Code § 15-1-49. That statute provides in pertinent part that the action "shall be commenced within three (3) years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49(1).

Kmart contends that the injury occurred on May 2, 2010, when the Kmart store flooded, and thus, that the applicable limitations period began to run on that date. Kmart relies on *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss. 1990) to support the proposition that Kmart suffered no injury and had no enforceable claim until the store sustained flood damage in May of 2010, and thus, that the three-year limitation period began to run on the date of the subject flood. The Court finds this argument is not well taken.

4

The Mississippi Supreme Court has stated: "*Owens-Illinois* stands for the legal theory that '[a] cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested,' and the theory that an injury has to happen before a tort is considered to complete." *Oaks v. Sellers*, 953 So. 2d 1077, 1081 (¶ 13) (Miss. 2007) (quoting *Owens-Illinois*, 573 So. 2d at 706–07). However, the Mississippi Supreme Court has distinguished the *Owens-Illinois* holding as applying to personal injury cases involving latent injury or disease issues. *See id.* (discussing same).

As E & A points out, it is undisputed that E & A was the landlord of the building occupied by Kroger and Kmart from September 11, 1998 through December 14, 2007 only. Kmart's allegations against E & A are clearly based on E & A's ownership of the property and reference alleged actions or omissions by E & A during that time period. Kmart alleges that the Kroger store was improperly located in a floodway "at the time the building was constructed and during E & A's ownership of the property," Kmart's Compl. [1] ¶ 29; that E & A "improperly aided and supported" the issuance of the LOMR "in 2005," *id.* ¶ 31, or alternatively, that E & A was aware of the LOMR and "allowed <u>its</u> building to remain in the floodway, *id.* ¶ 32 (emphasis added); and that the Kroger store's location proximately caused Kmart's flood-related damages during the subject flood in May of 2010, *id.* ¶¶ 33–35.

Even if an alleged act or omission occurred as late as December 14, 2007, the limitations period would have run in December of 2010. The flood occurred in May of 2010. This action was initiated on May 2, 2011. Therefore, Kmart's claims against E & A are time-barred under Mississippi law and must be dismissed. However, even assuming, *arguendo*, that the claims against E & A are not barred by the statute of limitations, the claims fail on the merits, as well.

5

A plaintiff asserting a negligence claim must ultimately prove the essential elements of duty, breach of duty, proximate causation, and damages. *Cascio v. Alfa Mut. Ins. Co.*, No. 2012–CA–01300–COA, 2013 WL 6383041 (Miss. Ct. App. Dec. 6, 2013) (citing *Ladner v. Holland*, 90 So. 3d 655, 659 (¶ 13) (Miss. Ct. App. 2012) (in turn citing *Price v. Park Mgmt. Inc.*, 831 So. 2d 550, 551(¶ 5) (Miss. 2002))). Kmart alleges that E & A was negligent and that E & A's alleged negligence proximately caused Kmart to suffer flood damages. As stated, first, Kmart alleges that the Kroger store was improperly located in a floodway that existed at the time the store was constructed and during E & A's ownership of the property. Kmart's Compl. [1] ¶ 30. Second, Kmart alleges that E & A improperly aided and supported the issuance of the LOMR by FEMA allowing the Kroger store to remain in the floodway, *id.* ¶ 31; alternatively, Kmart alleges that E & A was aware of the LOMR and knowingly and improperly allowed its building to remain in the floodway, *id.* ¶ 32. Third, Kmart alleges that Kroger's presence in the floodway caused a displacement of water and rise in the water level resulting in flood damage to the Kmart store and causing Kmart to incur expenses to prevent further water from entering the store. *Id.* ¶¶ 33–35.

Upon due consideration, the Court finds that because FEMA has determined that the Kroger store and building as a whole are not in the regulatory floodway, any allegations to the contrary are untenable against E & A. As the Court has stated in prior memorandum opinions and Orders, in 2005, FEMA issued a LOMR removing the Kroger store from the floodway due to "Inadvertent Inclusion in Floodway." *See* LOMR from FEMA [259-1] at 1. Also, as the Court has stated, Kmart's allegations challenging the issuance of the LOMR and whether the Kroger store was actually in a floodway fall squarely within the ambit of the NFIA and would only be tenable against FEMA, which has the primary responsibility for issuing LOMRs as part of the

National Flood Insurance Program. *See, e.g., Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 987–89 (8th Cir. 2010); *Coal. for a Sustainable Delta v. FEMA*, 812 F. Supp. 2d 1089, 1102 (E.D. Cal. 2011). The Court has already dismissed FEMA from the case *sub judice* on immunity grounds. Thus, it is the opinion of the Court that Kmart cannot prove that the Kroger store was improperly located in a floodway that existed at the time the store was constructed and during E & A's ownership of the property, as FEMA has determined that neither the Kroger store nor the building as a whole were at any time located in the floodway. Kmart's allegations that E & A improperly aided and supported the issuance of the LOMR by FEMA allowing the Kroger store <u>to remain in the floodway</u> or that E & A was aware of the LOMR and knowingly and improperly allowed its building <u>to remain in the floodway</u> are untenable for the same reason. Further, Kmart has not presented evidence that E & A improperly sought a LOMR. Thus, any such allegation is merely conclusory and cannot survive summary judgment.

In its response to E & A's motion for summary judgment, Kmart maintains that E & A can be liable for negligence if it knew that the building was in a flood-prone area yet took inadequate measures to protect Kmart against the risk of flooding. Kmart's Mem. Br. Supp. Resp. Opp'n to E & A's MSJ [310] at 4. Kmart contends that E & A had notice that the building was located in a flood-prone area, given two prior flooding events that occurred during E & A's ownership of the building. As support for this contention, Kmart cites a *2010 Elam Draining District News* newsletter article, which it contends includes language from a reprint of a December 1, 2001 *Northeast Mississippi Daily Journal* article concerning a flooding event that year; Kmart maintains that these articles indicate that the 2010 flood giving rise to this suit was not an unprecedented flooding event for Corinth, Mississippi. However, "[n]ewspaper articles . . . are

7

not proper summary judgment evidence to prove the truth of the facts that they report because they are inadmissible hearsay." *James v. Texas Collin County*, 535 F.3d 365, 374 (5th Cir. 2008) (citing *Roberts v. City of Shreveport, La.*, 397 F.3d 287, 295 (5th Cir. 2005)). Also, the reprinted newspaper article published in the newsletter is hearsay within hearsay. Kmart further cites to several communications that allegedly demonstrate that E & A had notice that the building was in a flood-prone area. However, even if the Court found that Kmart had presented evidence that E & A had notice that the building was in a flood-prone area, this would not be enough to sustain the claim past summary judgment. Kmart has failed to present evidence that the presence of the Kroger store caused or contributed to the flooding damages sustained by the Kmart store.

Kmart alleges that Kroger's presence in the floodway caused a displacement of water and a rise in the water level resulting in flood damage to the Kmart store and causing Kmart to incur expenses to prevent further water from entering the store. Kmart's Compl. [1] ¶¶ 33–35. As the Court has stated above, Kmart cannot prove that Kroger was located in a floodway at the time of the flood, given FEMA's determination to the contrary. E & A contends that Kmart similarly cannot prove that the presence of the Kroger store caused a displacement of water or rise in the water level resulting in Kmart's flood damage, because Kmart has offered no reliable expert proof that the presence of the Kroger store in the building caused any damage to Kmart during the flood, given the flawed data in the report of Kmart's retained engineering expert, John R. Krewson. E & A refers to Krewson's admission during his deposition that he had made a mistake in flow data when modeling the effect of the Kroger store on the Kmart store; Kmart's subsequent statement that if it were not allowed to amend Krewson's report to reflect the correct flow data, Kmart "[would] be forced to prosecute its case with Mr. Krewson's <u>flawed</u> Initial Report," *see* Kmart's

8

Mem. Br. Supp. Mot. Appeal Mag. Decision [228] at 9 (emphasis added); and the Court's subsequent denial of Kmart's request to amend Krewson's report. E & A maintains that without an accurate Krewson report, Kmart has no basis for its allegations against E & A.

Kmart agrees in its response that its proof on the effect of the Kroger store's presence on Kmart's flooding is through Krewson's report, but Kmart contends that it has explained through Krewson's testimony why the Kroger store contributed to Kmart's flooding. Kmart maintains that the Court entered an Order allowing Krewson to amend his report to correct the errors present in his initial report. This statement is incorrect. On September 27, 2013, the Court entered an Order [243] stating that it would <u>consider</u> a limited amendment of only mathematical errors to the Krewson report and requesting that Kmart submit the same for the Court's <u>consideration</u>. Although at the time of the parties' briefing on this motion for summary judgment the Court had not yet ruled on Kmart's request to allow the newly proposed amended report reflecting mathematical calculations, on December 18, 2013, the Court entered an Order [346] and memorandum opinion [347] denying Kmart's request. Thus, when Kmart states its proof on this issue is based on the Krewson report, it is relying in part on the flow data contained in the initial Krewson report, which both Kmart and E & A agree is flawed. Kmart additionally maintains that at the time of the construction of the building nothing was done to determine whether there would be a significant rise of the water as a result of that construction. In support of this contention, Kmart cites the deposition testimony of David Huwe, the Director of Community Development and Planning for the City of Corinth, that he was not aware whether the developer of the building or anyone else obtained a no-rise certification or variance in developing that project. *See* Huwe Dep. [309-12] at 46–48, 50. Kmart does not present any other evidence in support of its theory

9

that the Kroger store's presence affected Kmart's flood damages. The Court finds that Kmart's evidence on causation—specifically, Krewson's opinions in the flawed report and Huwe's deposition testimony expressing uncertainty about whether the building developer obtained a no-rise certification or variance on the property—is insufficient to raise a fact issue for trial on causation on Kmart's claims against E & A. Accordingly, the Court finds that E & A is entitled to summary judgment.[2]

### D. Conclusion

In sum, Defendant E & A Southeast Limited Partnership's motion for summary judgment [267] is **GRANTED** in its entirety; all claims against Defendant E & A Southeast Limited Partnership are **DISMISSED**; and Defendant E & A Southeast Limited Partnership is **DISMISSED** as a party to the case.

An order in accordance with this opinion shall issue this day.

THIS, \_\_\_23\_\_\_ day of January, 2014.

_____
SENIOR JUDGE

---

[2] Because the Court finds that Kmart's claims against E & A fail to survive summary judgment, the Court need not reach E & A's argument that the flood was an Act of God which allowed no preparation for flood protection.

10