IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:11-CV-00103-GHD-DAS

THE KROGER CO.                                                                  DEFENDANT

## MEMORANDUM OPINION DENYING
## PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT

Presently before the Court is Plaintiff Kmart Corporation's motion to amend or alter [349] the Court's judgment denying Plaintiff Kmart Corporation's motion to appeal [227] the United States Magistrate Judge's denial of its motion for leave to file the proposed amended report of its engineering expert, John R. Krewson, and its motion for leave [271] to file a newly proposed amended Krewson report. Upon due consideration, the Court finds that the motion to amend or alter judgment [349] is not well taken and should be denied.

In May of 2010, flash floods hit portions of Arkansas, Kentucky, Tennessee, and north Mississippi, resulting in extensive property damage and several fatalities. This case concerns the flood damage sustained by a Kmart store located at 118 Highway 72 in Corinth, Mississippi. On May 2, 2011, Plaintiff Kmart Corporation ("Kmart") commenced this suit against the Federal Emergency Management Agency ("FEMA"), the City of Corinth, Fulton Improvements, LLC, Kansas City Southern Railway Company, E & A Southeast Limited Partnership, and The Kroger Co. In the ensuing approximate two years and eight months, the parties have engaged in an extensive discovery and motion practice, filing 361 docket entries. In addition, the Defendants have incurred significant expenses to prepare their trial defense. Now Kmart seeks to obtain a

1

continuance and in effect present an entirely new theory of the case—basically, to begin its case anew. The Federal Rules of Civil Procedure were enacted to circumvent that situation. Rule 1 provides that the Rules shall be "administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. The Advisory Committee noted with respect to the 1993 Amendments of Rule 1 that the purpose of the word "administered" is

> to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved <u>not only fairly, but also without undue cost or delay</u>. As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned.

FED. R. CIV. P. 1 advisory committee's note (emphasis added). With this consideration in mind, the Court turns to the present motion to alter or amend judgment [349], which Kmart files pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). In its motion, Kmart requests that the Court reconsider its judgment denying Kmart's request to submit the amended report of its retained expert, John R. Krewson.

The Corinth Kmart store and the surrounding area are within the designated flood limits of Elam Creek, a large tributary creek that heads up approximately six miles north of the site and flows south to drain at the site of the Kmart building. In its complaint, Kmart alleged that although its Corinth store is located in the floodplain, about one-half of the adjacent Kroger store is in the floodplain and floodway. Kmart alleged that Kroger was allowed to construct its store in the regulatory floodway. Kmart averred that the Kroger store should have been leveled, but was

instead allowed to remain in the floodway by the issuance of a Letter of Map Revision ("LOMR") by FEMA in 2005, thirteen years after the Kroger store's construction. The LOMR removed the Kroger store from the floodway due to "Inadvertent Inclusion in the Floodway." Kmart further averred that the LOMR was secured by the participation of the City of Corinth, The Kroger Co., and E & A Southeast Limited Partnership, the Kroger store's then-landlord. Kmart maintains that the floodway was drawn correctly in the initial map and was correct to include half of the Kroger store in the floodway. Kmart averred that Kroger's presence in the floodway both "caused a displacement of water and a rise in the water level," and "altered the water flow from standing water to a rushing, forceful water flow," which "resulted in extensive flood damages" to the Kmart store. Kmart's Compl. [1] ¶ 47. Kmart further alleged that the Corinth store closed its doors for flood-related repairs in May of 2010, and did not reopen for business until February of 2011.

Kmart alleged that the City of Corinth contributed to the flood damage by operating a landfill for dirt adjacent to the Kmart store that contributed to water displacement and a heightened water level in the vicinity of the Kmart store. Kmart alleged that the Kansas City Southern Railway failed to maintain a railroad underpass in the vicinity of the Kmart store, and contributed to the flood damage by leaving the underpass cluttered with debris, which prevented water flow and displacement. Finally, Kmart asserted negligence and breach-of-contract claims against Fulton Improvements, LLC, the Kmart store's landlord at the time of the flood damage. Kmart alleged that Fulton Improvements, LLC was responsible for the flood damage per the terms of the lease agreement between the Kmart store and Fulton Improvements, LLC, and that Fulton Improvements, LLC had failed to take flood-protection measures to protect the Kmart store from the flood damage it sustained.

On September 16, 2011, FEMA filed a motion to dismiss [30]. By Order [50] and [51] memorandum opinion dated June 11, 2012, the Court dismissed FEMA from the suit on immunity grounds under the discretionary function exception in the Federal Tort Claims Act. On September 26, 2012, The Kroger Co. filed a motion for judgment on the pleadings [66]. The Court subsequently entered an Order [207] and memorandum opinion [208] granting the motion insofar as it pertained to Kmart's specific allegations concerning the issuance of the LOMR, but denying the motion insofar as it pertained to Kmart's common-law negligence claim. On October 26, 2012, the City of Corinth filed a motion to dismiss or, in the alternative, for summary judgment [84 & 85]. The Court subsequently entered an Order [209] and memorandum opinion [210] dismissing the City of Corinth on immunity grounds based on the discretionary function exemption in the Mississippi Tort Claims Act.

On July 25, 2013—approximately two years and two months after the case was initiated—Kmart filed a motion for leave [176] to file an amended report of its expert, John R. Krewson. In the weeks following the May 2010 flood, Kmart had retained Krewson to assist with preparing its case. Accordingly, Krewson had begun his investigation, utilizing a computer program to discern the impact of the flood waters on the Kmart store. On September 20, 2012, Krewson prepared his initial report, wherein he opined that flood water and debris had forcefully rushed into the Kmart store because the neighboring Kroger store was partially located over a regulatory floodway. On May 22, 2013, Defendants deposed Krewson. During the deposition, Defendants questioned Krewson about a discrepancy among water-flow rates used in one of the three computer runs he had conducted. Krewson recognized for the first time that his numbers were wrong, and consequently, Kmart realized for the first time that Krewson's opinions in his

4

initial report were flawed. Thus, Kmart filed its motion for leave [176] to submit a report correcting Krewson's errors in the initial report.

In Krewson's proposed report, Krewson restated his opinion that the presence of the Kroger store caused or contributed to the flood damages sustained by the Kmart store, but recalculated the estimated water level. The difference in the water level altered Kmart's entire theory of the case. Krewson's July 23, 2013 proposed amended report also presented a new theory of liability that would potentially impact Defendant Kansas City Southern Railway Company.

On August 21, 2013, the United States Magistrate Judge entered an Order [213] denying Kmart's motion for leave to file the proposed amended Krewson report, finding that Kmart had failed to show good cause to modify the scheduling order and allow the submission of the late report. On August 27, 2013, the undersigned entered an Order denying Kmart's alternative request to continue the trial date. Subsequently, Kmart filed a motion to appeal [227] the Magistrate Judge's denial of leave. Defendants filed responses to the motion to appeal.

On September 27, 2013, the undersigned entered an Order [243] stating that the Court would consider a limited amendment of only mathematical errors to the Krewson report. Kmart filed another motion for leave [271] to file a newly proposed amended Krewson report and attached the same for the Court's consideration. Defendants filed responses, and Kmart filed a reply.[1] The briefing on these matters was complete on November 18, 2013.

---

[1] Meanwhile, the remaining Defendants filed motions for summary judgment, Kmart filed responses, and Defendants filed replies. The Court granted summary judgment to Fulton Improvements, LLC, Kansas City Southern Railway Company, and E & A Southeast Limited Partnership. *See* Ct.'s Order [354] & Mem. Op. [355] Granting Fulton's MSJ; Ct.'s Order [358] & Mem. Op. [359] Granting KCSR's MSJ; Ct.'s Order [360] & Mem. Op. [361] Granting E & A's MSJ. Defendant The Kroger Co.'s motion for summary judgment [269] is currently pending before the Court.

On December 18, 2013, the Court entered an Order [346] and memorandum opinion [347] denying Kmart's request. In reaching its opinion, the Court carefully considered Kmart's arguments, the Defendants' arguments, and the record. The Court held that Kmart had failed to provide a sufficient explanation for its failure to timely submit the initial amended report, had failed to show that substantial prejudice would not result from the filing of the amended report, and had failed to show that a continuance would cure resulting prejudice. In so ruling, the Court took into account that if leave were granted to submit the newly proposed report, Defendants' counsel would encounter attorney's fees for each Defendant to review Krewson's proposed amended report, as well as costs in preparing for the deposition, traveling to the deposition, acquiring a deposition transcript, compensating experts for attending the deposition and reviewing Krewson's new report, compensating each of Defendants' engineering experts for rebutting Krewson's new report in the form of their own amended expert reports, as well as the already incurred costs of drafting motions based on the initial report. The Court also considered that Kmart would suffer some prejudice if the Court denied Kmart's request to submit the revised report, because it would be necessary for Kmart to base its case on Krewson's initial flawed report. However, the Court also recognized that Krewson had from September 2012 (when his initial report was submitted) until April 2013 (when he was designated as an expert) to discover his errors, which involved differences in flow rates used in the different computer runs and the resulting discrepancy in flood-water levels. Krewson's errors in his initial report were substantial, and Kmart did not satisfy this Court that it could not have discovered the errors earlier in the case with due diligence. In sum, the Court held that the Magistrate Judge had not abused his discretion in finding that the

absence of an adequate explanation for the failure to provide timely, accurate expert disclosure coupled with the potential prejudice to Defendants mitigated against allowing a continuance.

In considering Kmart's newly proposed amended report reflecting mathematical corrections, the Court noted that Krewson's corrections of his incorrect data yielded revised conclusions. Kmart has repeatedly stated that its entire theory of the case is based on Krewson's opinions. Thus, when Krewson's opinions changed, Kmart's foundation of the case changed. For example, the estimated water depth increase decreased from one foot in the initial report to **two inches** in the newly proposed amended report, and for the first time, Krewson opined that the Kroger store's presence reduced the overbank width of flow by 193 feet and increased velocity by 16%. As the Court stated in its prior opinion:

> The proposed amendments in the newly proposed amended report—though fewer in number than those in the first proposed amended report—present the same problems as did the first proposed report. Because Krewson's errors in the initial report are so substantial, Krewson cannot merely correct mathematical errors and revise numerical conclusions; he must revise his conclusions, and accordingly, Kmart must revise its theory of the case. The new theory of liability scarcely resembles the earlier theory—except that it involves damages to the Corinth Kmart store and a lot of flood water. Allowing the new theory to be introduced this late in the litigation would undoubtedly result in substantial prejudice to Defendants, who would necessarily encounter substantial costs to rebut Krewson's revised opinions and conclusions.
>
> As stated above, Rule 16 of the Federal Rules of Civil Procedure requires good cause and the judge's consent. FED. R. CIV. P. 16(b)(4). The errors in the initial Krewson report were unfortunate. However, Kmart should have discovered the errors earlier with due diligence. No continuance would cure the costs and time the parties would incur to try this case on a new theory of liability. The Court finds in its discretion that Kmart's motion for leave [271] to file the newly proposed amended Krewson report should be denied.

Ct.'s Mem. Op. Ruling on Mots. File Am. Krewson Report [347] at 12–13.

The Court has considered Kmart's arguments in the motion to amend or alter judgment [349] and has further reviewed the arguments concerning Kmart's separate requests for leave to file amended Krewson reports. The Court is of the opinion that Kmart's requests were properly denied and that its judgment should stand.

Kmart's motion to amend or alter judgment [349] is therefore DENIED.

A separate order in accordance with this opinion will issue this day.

THIS, the 27th day of January, 2014.

_____
SENIOR JUDGE