IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                                         PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:11-cv-00103-GHD-DAS

FULTON IMPROVEMENTS, LLC                                                  DEFENDANT

## MEMORANDUM OPINION DENYING
## PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT

Presently before the Court is Plaintiff Kmart Corporation's motion to amend or alter [373] the Court's judgment granting summary judgment to Defendant Fulton Improvements, LLC, *see* Ct.'s Order [354] & Mem. Op. [355] Granting Fulton's MSJ. Plaintiff Kmart Corporation files this motion pursuant to Rule 59 of the Federal Rules of Civil Procedure. Upon due consideration, the Court finds that the motion to amend or alter judgment [373] is not well taken and should be denied.

In May of 2010, flash floods hit portions of Arkansas, Kentucky, Tennessee, and north Mississippi, resulting in extensive property damage and several fatalities. This case concerns the flood damage sustained by a Kmart store located at 118 Highway 72 in Corinth, Mississippi. On May 2, 2011, Plaintiff Kmart Corporation ("Kmart") commenced this suit against the Federal Emergency Management Agency ("FEMA"), the City of Corinth, Fulton Improvements, LLC ("Fulton"), Kansas City Southern Railway Company, E & A Southeast Limited Partnership, and The Kroger Co. The Court dismissed FEMA and the City of Corinth from the case on immunity grounds. The Court dismissed Fulton, Kansas City Southern Railway Company, E & A Southeast Limited Partnership, and The Kroger Co. on summary judgment. In the present motion

1

to alter or amend judgment [373], Kmart challenges the Court's grant of summary judgment to Fulton only.

In its complaint, Kmart asserted negligence and breach-of-contract claims against Fulton, the Kmart store's landlord at the time of the flood damage. Kmart alleged that Fulton was responsible for the flood damage per the terms of the lease agreement between the Kmart store and Fulton, and that Fulton had failed to take flood-protection measures to protect the Kmart store from the flood damage it sustained. On October 2, 2013, Fulton filed a motion for summary judgment [248] wherein it argued that Kmart's negligence and breach-of-contract claims failed as a matter of law and should be dismissed. Upon careful review of the motion papers, attached documentation, and authorities, the Court granted Fulton's motion for summary judgment, finding that under Mississippi law, Fulton's failure to take the particular flood-protection measures Kmart now suggests it should have, does not amount to breach, because Kmart failed to raise a fact issue that Fulton had notice that such measures were necessary. Kmart challenges this ruling, arguing that the Court incorrectly found that notice was required in order for there to be breach. As the Court stated in its memorandum opinion [355] granting Fulton's motion for summary judgment, in Mississippi, the landlord must have actual or constructive knowledge of a maintenance issue or defect, as well as a reasonable opportunity to make repairs. *Turnipseed v. McGee*, 109 So. 3d 551, 554 (Miss. 1959); *see also Dulin v. Sowell*, 919 So. 2d 1010, 1012–1013 (Miss. Ct. App. 2005). A covenant to repair in a lease agreement does not absolve the notice requirement. *See Wolff v. Mauceli*, 114 So. 3d 845 (Miss. 1959). For all these reasons, Kmart's argument in this respect is not well taken.

Kmart further argues that it raised a fact issue as to whether Fulton knew or should have known of the need for flood protection around the Kmart store. However, the Court stands by its holding and reasoning expressed in the memorandum opinion [355] that Kmart failed to raise a fact issue to sustain its case past summary judgment. It appears to this Court that Kmart is now attempting to point to instances in the record that it contends would raise a fact issue with respect to notice. "Rule 59(e) cannot be used to rehash the evidence 'or make arguments that could have been offered or raised before the entry of judgment.' " *Winding v. Geo Grp., Inc.*, 405 F. App'x 938, 939 (5th Cir. 2010) (per curiam) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)). Kmart's arguments in its motion to alter judgment do not "demonstrate any grounds for relief under Rule 59(e), such as manifest error of law or fact or the discovery of new evidence." *Id.*; *see Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Therefore, Kmart's motion for alter must be denied.

For all the foregoing reasons, Kmart's motion to amend or alter judgment [373] is DENIED.

A separate order in accordance with this opinion will issue this day.

THIS, the _9th_ day of June, 2014.

_____
SENIOR JUDGE