IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 1:11-cv-00103-GHD-DAS

THE KROGER CO. et al.                                         DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT E & A SOUTHEAST LIMITED PARTNERSHIP'S MOTION FOR BILL OF COSTS

On May 2, 2011, Plaintiff Kmart Corporation ("Kmart") commenced this suit against the Federal Emergency Management Agency; the City of Corinth; Fulton Improvements, LLC; Kansas City Southern Railway Company; E & A Southeast Limited Partnership; and The Kroger Co. On January 23, 2014, the Court entered an Order [360] and memorandum opinion [361] granting the motion for summary judgment [267] filed by Defendant E & A Southeast Limited Partnership ("E & A") against Plaintiff Kmart Corporation ("Kmart"). Specifically, the Court found that Kmart failed to raise a genuine dispute of fact on its claims against E & A and that the claims were time-barred by the statute of limitations in Mississippi Code § 15-1-49. Thus, the Court dismissed E & A as a party.[1]

E & A has now filed a petition for costs [370] with bill of costs [371]. Kmart has filed an objection [377] to the petition for costs. After the Court entered an Order [386] requesting supplementation of briefing and documentation to reflect the statutory allowances for requested witness travel expenses and fees, E & A filed a supplemental petition for costs [388], and Kmart

---

[1] All other Defendants have been dismissed, as well. The Court dismissed the Federal Emergency Management Agency and the City of Corinth on immunity grounds. *See* Ct.'s Order [50] & Mem. Op. [51] Granting FEMA's Mot. Dismiss; Ct.'s Order [209] & Mem. Op. [210] Granting City of Corinth's Mot. Dismiss. The Court granted summary judgment to Fulton Improvements, LLC; Kansas City Southern Railway Company; E & A; and The Kroger Co. *See* Ct.'s Order [354] & Mem. Op. [355] Granting Fulton's MSJ; Ct.'s Order [358] & Mem. Op. [359] Granting KCSR's MSJ; Ct.'s Order [360] & Mem. Op. [361] Granting E & A's MSJ; & Ct.'s Order [368] & Mem. Op. [369] Granting The Kroger Co.'s MSJ.

1

filed an objection [289] to that supplemental petition. For the following reasons, the Court finds that E & A's request for costs shall be granted in part and denied in part.

Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (Feb. 26, 2013). "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (quoting *Walters*, 557 F.2d at 526) (citation and internal quotation marks omitted). If the party against whom costs are taxed objects, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

The following six categories of costs are recoverable:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). The "Supreme Court has indicated that federal courts may only award those costs articulated in [S]ection 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007). With all of the foregoing in mind, the Court now addresses each category of requested costs in light of Kmart's specific objections.

### 1. <u>Deposition Transcript Fees</u>

First, E & A requests recovery of costs for deposition transcripts obtained in the case. Costs related to the taking of depositions are allowed under Section 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit has stated: "We have previously held that 'whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. We accord great latitude to this determination.'" *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (quoting *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). "[I]t is not required that a deposition actually be

introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co.*, 170 F.3d at 536 (citing *Fogleman*, 920 F.2d at 285). Stated another way, "such costs are recoverable if the party making the copies has a reasonable belief that the documents will be used 'during trial or for trial preparation.' " *See Rundus*, 634 F.3d at 316 (quoting *Fogleman*, 920 F.2d at 285) (emphasis added). "[C]osts incurred 'merely for discovery' do not meet that standard." *Id.* (quoting *Fogleman*, 920 F.2d at 285–86) (internal citations and quotation marks omitted)). The Fifth Circuit explained in *Marmillion v. American International Insurance Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam): "We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for a party to recover the costs of the deposition transcript. . . . [T]he pertinent question is whether the transcript was necessarily obtained for use in the case."

E & A claims it is entitled to $5,643.50, the costs of eleven deposition transcripts obtained in the case of the following deponents: John R. Krewson, Dale Menendez, Donna Earnhart, Wissam Shtaih, David Huwe, Keith Davidson, Michael Schmidt, Jamie Monohan, Kelly Blake Mendrop, Robert H. Alexander, and Robert Eley. As stated above, E & A, as a prevailing party, is prima facie entitled to the costs of obtaining these deposition transcripts, but because Kmart has objected to the costs, E & A must support its request with evidence documenting the costs incurred and proof that the deposition transcripts were necessarily obtained for use in the case.

Kmart objects to E & A's inclusion of deposition transcripts in its bill of costs, arguing that because E & A never provided Kmart with a list of witnesses or deposition testimonies E & A expected to present at trial, it is not clear if any of the deposition transcripts were necessarily

obtained for use in the case. Kmart further argues that even if some of the deposition transcripts were necessarily obtained for use in the case, the deposition transcripts of Michael Schmidt, Kelly Blake Mendrop, David Huwe, Donna Earnhart, and Wissam Shtaih were not, as the same were not even referenced in E & A's summary judgment motion and corresponding briefs. Kmart further argues that E & A's objection to Kmart's motion to extend the discovery deadline indicates that E & A felt that these particular deposition transcripts were not necessary for use in the case. Finally, Kmart argues that the costs should be excluded because these deposition transcripts were obtained for investigative or discovery purposes, not for E & A's trial preparation.

E & A maintains that the deposition transcript of John R. Krewson, Kmart's expert witness, was necessary for E & A to attack the accuracy of his expert opinion and to further strengthen E & A's position relative to summary judgment. E & A further maintains that the deposition transcript of Dale Menendez, Kmart's corporate representative, was necessary to understand Kmart's case, to prepare for anticipated trial testimony, and to strengthen E & A's position relative to summary judgment. E & A contends that Donna Earnhart's deposition transcript was necessarily obtained because she is Defendant Fulton Improvements, LLC's corporate representative, Wissam Shtaih's deposition transcript was necessarily obtained because he is Defendant The Kroger Co.'s corporate representative, David Huwe's deposition transcript was necessarily obtained because he is Defendant the City of Corinth's corporate representative, Keith Davidson's deposition transcript was necessarily obtained because he is E & A's corporate representative, and Michael Schmidt's deposition transcript was necessarily obtained because he is Defendant Kansas City Southern Railway's corporate representative. E & A maintains that Kmart believed the depositions of Donna Earnhart, Wissam Shtaih, David Huwe, Keith

5

Davidson, and Michael Schmidt were necessary to the case because Kmart noticed the depositions. E & A supports its requests with a bill of costs and itemized list of the deposition transcripts E & A obtained for use in the case, *see* E & A's Bill of Costs—Fees for Printed or Electronically Recorded Trs. [371-1]; a declaration of its counsel, Mary Clift Abdalla, that each claimed item is correct and was reasonably incurred in the case, *see* Abdalla Decl. [370-2]; and invoices showing that the amounts sought were incurred in the case, *see* E & A's Bill of Costs—Invoices for Dep. Trs. [371-11] at 1–10.

For the following reasons, the Court finds that E & A has shown that seven of the eleven deposition transcripts were necessarily obtained for use in the case. It appears undisputed that the following five depositions were taken at Kmart's behest: Donna Earnhart, Wissam Shtaih, David Huwe, Michael Schmidt, and Keith Davidson. Although Kmart argues this justification is not sufficient to meet E & A's burden, Kmart offers no case law in support of its argument. Further, all of these individuals are corporate representatives of the litigants. Kmart apparently indicated in its draft pre-trial order that it would call two more of the deponents live at trial: Dale Menendez, Kmart's corporate representative, and John R. Krewson, Kmart's expert witness, both of whom E & A contends provided evidentiary support for its position relative to summary judgment and were key players in Kmart's case. For all the foregoing reasons, the Court finds that the deposition transcripts of Dale Menedez, John R. Krewson, Donna Earnhart, Wissam Shtaih, David Huwe, Michael Schmidt, and Keith Davidson were necessarily obtained for use in this case, as E & A had "a reasonable expectation that . . . the transcripts would be used for trial preparation." *See Marmillion*, 381 F. App'x at 430.

However, E & A has not met its burden that the deposition transcripts of Jamie Monohan, Kelly Blake Mendrop, Robert H. Alexander, and Robert Eley were necessarily obtained for use

in the case, as E & A has not offered any argument in support of its request for recovery of these costs. Accordingly, E & A's bill of costs shall be reduced by the amount claimed for the deposition transcripts of Jamie Monohan, Robert Eley, Kelly Blake Mendrop, and Robert H. Alexander.[2] Therefore, E & A is entitled to recover $4,323 for deposition transcript fees.

### 2. Witness Fees and Expenses

Second, E & A seeks recovery of certain fees and travel expenses for witnesses Keith Davidson and John R. Krewson.[3] E & A supports these requests with a bill of costs itemizing the specific amounts claimed as travel expenses, *see* Bill of Costs—Witness Fees/Expenses [371-2] at 1; a declaration of its counsel, Mary Clift Abdalla, that the travel expenses claimed were actually incurred and that they were reasonably necessary to E & A's successful defense of the suit, *see* Abdalla Decl. [370-2]; and receipts and documentation showing that the witness fees and expenses were incurred in the case, *see* Bill of Costs—Receipts [371-12] at 1–23. As a prevailing party, E & A is prima facie entitled to recover witness fees under Section 1920(3), but only as allowed by Section 1821. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301, 126 S. Ct. 2455, 165 L. Ed. 2d 526 (2006); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Salinas v. Rodriguez*, 963 F.2d 791, 795 (5th Cir. 1992).

#### a. Keith Davidson

E & A requests recovery of witness fees and expenses totaling $1,320.22 for E & A's corporate representative, Keith Davidson, including an attendance fee, airfare and other travel

---

[2] Those requested expenses are as follows: Jamie Monohan and Robert Eley—$595.25; Kelly Blake Mendrop—$363.50; and Robert H. Alexander—$361.75. *See* Fees for Electronically Recorded Trs. [371-1] at 1.

[3] Those requested expenses are as follows: Keith Davidson—$46.02 for subsistence for two days and mileage of $1,274.20, totaling $1,320.22; and John Krewson—$1,285.93, reflecting the amount E & A paid after splitting total cost. In addition to travel expenses for John Krewson, the itemized table reflects a $2,000 consultant deposition fee (which was as stated split among the Defendants).

expenses, personal mileage for travel, parking fees, hotel fee, and subsistence meal allowance. Kmart objects to the inclusion of these costs.

At the outset, the Court addresses Kmart's general argument that E & A should not be entitled to recover these costs because Davidson's deposition could have been taken at his place of business in Columbia, South Carolina, rather than at the law offices of E & A's attorneys in Jackson, Mississippi. Under the general rule in the Fifth Circuit, the deposition of a Rule 30(b)(6) witness should be taken at a corporation's principal place of business. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979). However, in this case, Kmart indicates in its notice of deposition that the deposition would take place at the office of E & A's attorneys in Jackson, Mississippi. Kmart has pointed to nothing in the record supporting that Kmart ever suggested that the deposition take place at Davidson's place of business in Columbia, South Carolina, or for that matter, that E & A ever suggested that the deposition take place at E & A's attorneys' office in Jackson, Mississippi. The Court finds Kmart's argument to be unavailing. The Court now addresses the specific categories of requested travel expenses and Kmart's arguments against them.

First, E & A requests recovery of Davidson's witness fee of $80 for attendance at his one-day deposition and for the time necessarily occupied in going to and returning from Jackson, Mississippi for the deposition. Section 1821(b) authorizes a witness "attendance fee of $40 per day for each day's attendance" and "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." The Court finds that E & A is entitled to recover for Davidson's attendance fee in the amount of $80, as requested.

8

Second, E & A requests recovery of Davidson's airfare totaling $795.30, as itemized in the witness fees/expenses table [371-2] and in the receipts [371-12] attached to the bill of costs [371].[4] This expense is allowed under Section 1821(c)(1), provided that "the means of transportation [was] reasonably utilized" and the witness "utilize[d] a common carrier at the most economical rate reasonably available." *See* 28 U.S.C. §1821(c)(1). Kmart argues that E & A should not be able to recover for the expense incurred to book an earlier return flight and for the agent fee, because the same were not reasonably incurred and are not statutorily authorized. The Court finds that the $8 agent fee, as documented on page 16 of the attached receipts [371-12], is reasonable. However, E & A has not demonstrated that the $75 fee to change the return flight to an earlier time was reasonable or the most economical choice. Therefore, the Court finds that E & A is entitled to recover for Davidson's airfare, less $75 for the fee to book an earlier return flight. Accordingly, E & A is entitled to recover $720.30 for Davidson's airfare.

Third, E & A requests recovery of Davidson's personal mileage for travel from his home in Columbia, South Carolina to the Charlotte, North Carolina airport, totaling $51.83 as itemized in the witness fees/expenses table [371-2] and receipt [371-12] attached to the bill of costs [371]. This expense is allowed under Section 1821(c)(2), provided that such mileage is computed on the basis of a uniformed table of distances adopted by the Administrator of General Services. At the time of the particular travel, September of 2013, the Administrator of General Services prescribed a mileage reimbursement rate of $0.565 per mile for travel in privately owned vehicles. To arrive at the allowable mileage reimbursement amount, the Court must multiply the mileage reimbursement rate of $0.565 by the number of miles traveled by Davidson in his personal car for the purpose of travel which E & A has demonstrated was approximately 92.57

---

[4] Those expenses are itemized as follows: $25 for airline bag fee, $75 for airline fee to book earlier flight, $25 for airline bag fee, $662.30 for flight ticket, and $8 for agent fee. *See* Bill of Costs—Witness Fees/Expenses [371-2].

9

miles. Therefore, E & A is actually authorized to recover $52.30 for Davidson's personal mileage. Because E & A only requests $51.83, however, the Court finds that E & A is entitled to recover that amount for Davidson's personal mileage.

Fourth, E & A requests recovery of Davidson's parking fees associated with the travel totaling $28, reflecting $14 at the Charlotte airport and $14 at the Hilton Garden Inn in Jackson, Mississippi, as itemized in the witness fees/expenses table [371-2] and receipt [371-12] attached to the bill of costs [371]. This expense is allowed under Section 1821(c)(3). Thus, the Court finds that E & A is entitled to recover $28 for Davidson's parking fees.

Fifth, E & A requests a subsistence allowance of $83 for Davidson. Section 1821(d)(2) provides that "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [S]ection 5702(a) of [T]itle 5, for official travel in the area of attendance by employees of the Federal Government." According to the Administrator of General Services, the amount prescribed for maximum lodging for September of 2013 in Jackson, Mississippi was $77 per night. Davidson's one-night hotel cost was $199.52, which is $122.52 above the per diem rate. Therefore, the Court will reduce the hotel cost by $122.52. Accordingly, the Court finds that E & A is entitled to recover $77 for Davidson's subsistence allowance.

Sixth, E & A requests recovery of a subsistence meal allowance of $92 ($46 per day) for Davidson for two days in September of 2013 in Jackson, Mississippi. This expense also falls under Section 1821(d)(2). According to the Administrator of General Services, the amount prescribed for a daily meal allowance in September of 2013 was $46. Accordingly, the Court finds that E & A is entitled to recover $92 for Davidson's subsistence meal allowance for the two days in Jackson, Mississippi.

10

Finally, E & A requests recovery of $159.16 for expenses associated with Davidson's rental car and fuel in Jackson, Mississippi. Kmart challenges this expense on the ground that Section 1821 does not authorize recovery for rental vehicles. The Court finds this argument to be well taken. District courts have held that the expenses of a rental car and associated mileage are not permitted under Section 1821. *See Structural Metals, Inc. v. S & C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *5 (W.D. Tex. July 19, 2013); *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 35 (D.P.R. 2000). Indeed, Davidson could have traveled to and from his destination by taxicab. *See Structural Metals, Inc.*, 2013 WL 3790450, at 6. Accordingly, the Court finds that E & A is not entitled to recover $159.16 for the cost of the rental car and fuel.

In sum, the total amount recoverable by E & A for Keith Davidson's witness fees and expenses is $1,049.13.

### b. John R. Krewson

E & A additionally requests recovery of witness fees and expenses for Plaintiff's expert witness, John R. Krewson, including an attendance fee; airfare and other travel expenses; hotel fee; subsistence meal allowance; and other fees listed in the bill of costs as "Consultant Travel" and "Consultant Deposition," respectively. E & A maintains it split the costs and travel expenses for Krewson with the four other Defendants, and requests recovery for the amounts E & A incurred as a result of this arrangement: $1,285.93. Kmart objects to the inclusion of some of these costs.

First, E & A requests recovery of Krewson's witness fee of $120 for attendance at his one-day deposition and for the two days necessarily spent going to and returning from Jackson, Mississippi for the deposition. Section 1821(b) authorizes a witness "attendance fee of $40 per

day for each day's attendance" and "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." The Court finds that the statutorily allowed recovery for Krewson's attendance is $120. However, E & A is only entitled to recover one-fifth of this amount, per its arrangement with the other Defendants. Accordingly, E & A is entitled to recover $24 for Krewson's attendance at his deposition.

Second, E & A requests recovery of Krewson's airfare totaling $892.80, as documented in the witness fees/expenses table [371-2] and in the receipts [371-12] attached to the bill of costs. Kmart does not challenge the inclusion of the fee, except to correctly state that E & A should only be entitled to recover one-fifth of that amount, per its arrangement with the other Defendants. Accordingly, the Court finds that E & A is entitled to recover $178.56 for Krewson's airfare.

Third, E & A requests recovery of $214.98 for expenses associated with Krewson's rental car and fuel in Jackson, Mississippi. Kmart challenges this expense on the ground that Section 1821 does not authorize recovery for rental vehicles. As the Court stated earlier with respect to the requested rental car fees of Keith Davidson, district courts have held that the expenses of a rental car and associated mileage are not recoverable under Section 1820. *See Structural Metals, Inc.*, 2013 WL 3790450, at *5; *Pan Am. Grain Mfg. Co.*, 193 F.R.D. at 35. Indeed, Krewson could have traveled to and from his destination by taxicab. *See Structural Metals, Inc.*, 2013 WL 3790450, at 6. Accordingly, the Court finds that E & A is not entitled to recover any portion of the requested fees of Krewson's rental car and fuel.

Fourth, E & A requests a subsistence allowance of $249 for Krewson for his three-night hotel stay in Jackson, Mississippi. *See* Bill of Costs—Receipts [371-12] at 3, 6. According to

Section 1821(d)(2), "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [S]ection 5702(a) of [T]itle 5, for official travel in the area of attendance by employees of the Federal Government." According to the Administrator of General Services, the amount prescribed for maximum lodging for May of 2013 in Jackson, Mississippi was $77 per night. Krewson's hotel cost was $107.28 per day, which is $30.28 above the per diem rate, for each of the three days. Therefore, the total recoverable for hotel cost is $231. Because E & A maintains it paid one-fifth of Krewson's witness fees and expenses, this means E & A is allowed to recover $46.20 for Krewson's subsistence allowance.

Fifth, E & A requests recovery of a subsistence meal allowance of $184 ($46 per day) for Krewson for four days in May of 2013 in Jackson, Mississippi, which also falls under Section 1821(d)(2). Kmart objects to the inclusion of this fee, maintaining that Kmart's counsel sent an email to Defendants explaining that the total fee for deposing Kmart's expert witness was $6,429.62 and that this amount did not include Krewson's meal charges, but that those charges would be submitted to Defendants for payment at a later date. However, Kmart maintains that it never submitted those charges to Defendants and thus that Defendants never paid those charges and should not be able to recover for the same. Indeed, E & A has not pointed to any documentation showing that Defendants covered the meal expenses of Krewson. Accordingly, the Court finds that E & A is not entitled to recover a subsistence meal allowance for Krewson.

Finally, in its bill of costs, E & A lists a $3,000 fee for "Consultant Travel" and a $2,000 fee for "Consultant Deposition." Kmart challenges the inclusion of these fees as not statutorily authorized. It is not clear to this Court what "Consultant Travel" and "Consultant Deposition" entail, and as such, the Court cannot determine whether these expenses are allowed under

Section 1821, and if so, what amounts E & A is allowed to recover. "Section 1821 limits the amount of witness fees and makes no provision for the trial court's award to exceed that amount. Nothing over the statutory amount is recoverable." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979). For these reasons, the Court finds that E & A is not entitled to recover for the fees listed as "Consultant Travel" and "Consultant Deposition."

In sum, the total amount recoverable by E & A for John R. Krewson's witness fees and expenses is $248.76.

### 3. Fees for Exemplification and the Costs of Making Copies of Materials

E & A additionally requests recovery of its fees for exemplification and the costs of making copies of materials which it maintains were incurred for use in the case, $651.60. A party may tax as costs "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3), (4); *Mota v. Univ. of Tex.*, 261 F.3d 512, 529 (5th Cir. 2001). Although copying costs may be recovered when copies are obtained for use in the case, the prevailing party must verify that the particular copies were "necessarily obtained for use in the case." *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). This is usually done by submitting an affidavit attesting that the amount claimed is correct and that the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924; *see also Alexander v. City of Jackson*, 456 F. App'x 397, 402 (5th Cir. 2011) (affirming the denial of costs when counsel failed to explain why the copies were necessary).

E & A seeks recovery for electronic copying in order to electronically file documents, as well as copy costs relating to responding to discovery, preparing for depositions, filing motions, providing counsel opposite with documents produced by third parties, and complying with Court

orders. E & A supports these requests with a bill of costs itemizing the specific amount claimed as exemplification and copy expenses, *see* Bill of Costs [371] at 1; Bill of Costs—Copy Costs [371-3] at 1; a declaration of its counsel, Mary Clift Abdalla, that the copy expenses claimed were actually incurred and that they were reasonably necessary to E & A's successful defense of the suit, see Abdalla Decl. [370-2]; and documentation showing that the exemplification and copy fees were incurred in the case, *see* Bill of Costs—Invoices [371-6–371-7].

Kmart objects that E & A has not met its burden in proving that these copy costs necessarily resulted from this litigation and were not merely made for E & A's counsel convenience. Kmart argues that although E & A states that on June 30, 2013 it incurred an imaging charge of $199.84 to upload and electronically file pleadings and exhibits, E & A actually did not file any pleadings and exhibits on June 30, 2013 or in the days subsequent. Kmart further argues that although E & A incurred an imaging fee of $57.36 on July 31, 2013, E & A did not file any pleadings on that date or in the days subsequent. E & A has not addressed these arguments. The Court finds that according to the docket Kmart's arguments are correct. The Court further finds that E & A has failed to meet its burden to show these particular copy costs were necessarily incurred for use in the case and thus reduces E & A's requested exemplification and copy costs by $257.20.

Kmart argues that E & A seeks to recover costs associated with copying documents it obtained from the Mississippi Emergency Management Agency in the amount of $76.90, but that the supporting documentation (a letter from the Mississippi Emergency Management Agency) indicates that E & A owed $76.90, but only $46.90 for copy charges. E & A has not addressed this argument. The Court finds that Kmart's argument is well taken and reduces the requested $76.90 for these particular copy charges by $30.

Therefore, the Court sustains Kmart's objections with respect to E & A's requested recovery of exemplification and copy fees and reduces such request in the amount of $651.60 by $287.20 (reflecting the reduced $257.20 and $30 amounts). The Court finds that E & A has met its burden in showing that the other exemplification and copy fees totaling $364.40 were necessarily incurred for use in the case, and thus, E & A may recover that amount for exemplification and copy fees.

4. **Other Costs**

Finally, E & A requests recovery of other costs it maintains it incurred for documents located on the PACER system in the amount of $226.64, as well as for postage incurred in the amount of $48.03. E & A acknowledges that the Fifth Circuit has not decided whether Section 1920(4) includes copies of documents obtained from PACER, but reasons that the statutory language provides that courts may tax "the cost of making copies of any materials where the copies are necessarily obtained for use in the case." E & A maintains that the costs associated with obtaining documents filed in this case via PACER were necessarily incurred in order to provide sufficient documentation in support of dispositive motions, pleadings, and discovery-related matters. E & A supports these requests with a bill of costs listing the specific amount claimed for other costs, *see* Bill of Costs [371] at 1; Bill of Costs—PACER Costs [371-4] at 1; Bill of Costs—Postage Costs [371-5] at 1; a declaration of its counsel, Mary Clift Abdalla, that these additional costs were actually incurred and that they were reasonably necessary to E & A's successful defense of the suit, see Abdalla Decl. [370-2]; and documentation showing that these costs were incurred in the case, *see* Bill of Costs—Invoices [371-8–371-10].

Kmart objects to the inclusion of the PACER costs because these costs are not enumerated in Section 1920. Kmart additionally objects to this request on the ground that E & A

has not explained why it did not take advantage of the opportunity PACER allows to print court documents for free on the initial viewing of the document or why it was necessary to re-access those documents for printing, if not merely for counsel's convenience. Finally, Kmart objects to the inclusion of postage costs, as such have been held to be not recoverable costs under the statute. E & A has not responded to any of these objections. The Court finds that all of these objections are well taken.

"Most courts have refused . . . to tax as costs charges for electronic research . . . because electronic research is not listed in 28 U.S.C. § 1920 and the Supreme Court held in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987), that only items listed in [Section] 1920 could be taxed as costs." *Ill. Cent. R.R. v. Harried*, No. 5:06cv160–DCB–JMR, 2011 WL 283925, at *6 (S.D. Miss. Jan. 25, 2011). *Accord Gros v. New Orleans City*, Nos. 12–2322, 12–2334, 12–2374, 2014 WL 2506464, at *16 (E.D. La. June 3, 2014); *Stuart C. Irby Co. v. Bayview Elec. Co.*, No. 3:12cv007–B–A, 2014 WL 670230, at *3 (N.D. Miss. Feb. 20, 2014); *Javelin Invs., LLC v. McGinnis*, No. H-05-3379, 2007 WL 1003856, at *4 (S.D. Tex. Mar. 30, 2007). "Further, though it has yet to address the question, the Fifth Circuit 'recently held that a district court abused its discretion in awarding costs, including electronic research charges, not enumerated in [Section] 1920 without citing the statutory basis for the award and remanded for the district court to do so.' " *Stuart C. Irby Co.*, 2014 WL 670230, at *3 (quoting *Harried*, 2011 WL 283925, at *6) (in turn citing *Gagnon*, 607 F.3d at 1045)). Thus, this Court finds that the PACER costs sought by E & A must be stricken from the bill of costs.

Further, courts in the Fifth Circuit have held that postage is not recoverable under Section 1920. *See Ducote Jax Holdings, L.L.C. v. Bank One Corp.*, No. 04-1943, 2007 WL 4233683, at

*6 (E.D. La. Nov. 28, 2007); *Noel Studio, Inc. v. Ewell*, No. 4:06-CV-208, 2006 WL 3317095, at *2 (E.D. Tex. Oct. 30, 2006); *Auto Wax Co. v. Mark v. Prods., Inc.*, No. 3:99-CV-982-M, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002); *Migis v. Pearle Vision, Inc.*, 944 F. Supp. 508, 518 (N.D. Tex. 1996).

Accordingly, E & A is not entitled to recover the requested costs for PACER use and for postage, $274.67.

## Conclusion

In sum, the petition for costs [370] is GRANTED IN PART AND DENIED IN PART, as itemized in the corresponding order, which shall issue this day. Plaintiff Kmart Corporation is taxed $5,985.29 as costs in this action.

THIS, the 14th day of July, 2014.

_____
SENIOR JUDGE