IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                                                PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:11-cv-00103-GHD-DAS

THE KROGER CO. et al.                                                          DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT FULTON IMPROVEMENTS, LLC'S MOTION FOR BILL OF COSTS

On May 2, 2011, Plaintiff Kmart Corporation commenced this suit against the Federal Emergency Management Agency; the City of Corinth; Fulton Improvements, LLC; Kansas City Southern Railway Company; E & A Southeast Limited Partnership; and The Kroger Co. On January 21, 2014, the Court entered an Order [354] and memorandum opinion [355] granting the motion for summary judgment [248] filed by Defendant Fulton Improvements, LLC ("Fulton") against Plaintiff Kmart Corporation ("Kmart"). Specifically, the Court found that Kmart failed to raise a genuine dispute of fact on its claims against Fulton. Thus, the Court dismissed Fulton as a party.[1]

Fulton has now filed a petition for costs [372] with attached bill of costs and supporting documentation. Kmart has filed objections [378] to the petition for costs. After the Court entered an Order [386] requesting supplementation of briefing and documentation to reflect the statutory allowances for requested witness travel expenses and fees, Fulton filed a supplemental petition for costs [387], and Kmart filed an objection [390] to that supplemental petition. For the

---

[1] All other Defendants have been dismissed, as well. The Court dismissed the Federal Emergency Management Agency and the City of Corinth on immunity grounds. *See* Ct.'s Order [50] & Mem. Op. [51] Granting FEMA's Mot. Dismiss; Ct.'s Order [209] & Mem. Op. [210] Granting City of Corinth's Mot. Dismiss. The Court granted summary judgment to Kansas City Southern Railway Company, E & A, and The Kroger Co. *See* Ct.'s Order [358] & Mem. Op. [359] Granting KCSR's MSJ; Ct.'s Order [360] & Mem. Op. [361] Granting E & A's MSJ; & Ct.'s Order [368] & Mem. Op. [369] Granting The Kroger Co.'s MSJ.

1

following reasons, the Court finds that Fulton's request for costs shall be granted in part and denied in part.

Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (Feb. 26, 2013). "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (quoting *Walters*, 557 F.2d at 526) (citation and internal quotation marks omitted). If the party against whom costs are taxed objects, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

The following six categories of costs are recoverable:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). The "Supreme Court has indicated that federal courts may only award those costs articulated in [S]ection 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007). With all of the foregoing in mind, the Court now addresses each category of requested costs in light of Kmart's specific objections.

1. **Deposition Transcript Fees**

First, Fulton requests recovery of costs for deposition transcripts obtained in the case. Costs related to the taking of depositions are allowed under Section 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit has stated: "We have previously held that 'whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. We accord great latitude to this determination.' " *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (quoting *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). "[I]t is not required that a deposition actually be

3

introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co.*, 170 F.3d at 536 (citing *Fogleman*, 920 F.2d at 285). Stated another way, "such costs are recoverable if the party making the copies has a reasonable belief that the documents will be used 'during trial or for trial preparation.' " *See Rundus*, 634 F.3d at 316 (quoting *Fogleman*, 920 F.2d at 285) (emphasis added). "[C]osts incurred 'merely for discovery' do not meet that standard." *Id.* (quoting *Fogleman*, 920 F.2d at 285–86) (internal citations and quotation marks omitted)). The Fifth Circuit explained in *Marmillion v. American International Insurance Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam): "We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for a party to recover the costs of the deposition transcript. . . . [T]he pertinent question is whether the transcript was necessarily obtained for use in the case."

Fulton claims it is entitled to $4,442 for nine deposition transcripts obtained in the case of the following deponents: John R. Krewson, Dale Menendez, David Huwe, Donna Earnhart, Kelly Blake Mendrop, Robert Eley, Jamie Monohan, Robert H. Alexander, and Keith Davidson.[2] As stated above, Fulton, as a prevailing party, is prima facie entitled to the costs of obtaining these deposition transcripts, but because Kmart has objected to the costs, Fulton must support its request with evidence documenting the costs incurred and proof that the deposition transcripts were necessarily obtained for use in the case.

Kmart objects to Fulton's inclusion of deposition transcripts in its bill of costs, arguing that because Fulton never provided Kmart with a list of witnesses or deposition testimonies

---

[2] Those requested deposition transcript fees are itemized as follows: John R. Krewson—$752; Dale Menendez—$798; David Huwe—$608.75; Donna Earnhart—$597.50; Kelly Blake Mendrop—$368.50; Robert Eley—$329; Jamie Monohan—$271.25; Robert H. Alexander—$366.75; and Keith Davidson—$350.25. *See* Bill of Costs—Fees for Printed or Electronically Recorded Trs. [372-2] at 1.

4

Fulton expected to present at trial, it is not clear if any of the deposition transcripts were necessarily obtained for use in the case. Kmart further argues that even if some of the deposition transcripts were necessarily obtained for use in the case, the deposition transcripts of Kelly Blake Mendrop, David Huwe, and Keith Davidson were not, as the same were not even referenced in Fulton's summary judgment motion and corresponding briefs. Kmart further argues that Fulton's objection to Kmart's motion to extend the discovery deadline to depose all the Defendants' corporate representatives and experts indicates that Fulton felt that these particular deposition transcripts were not necessary for use in the case. Finally, Kmart argues that the costs should be excluded because Fulton has not shown that these deposition transcripts were obtained out of necessity or for Fulton's preparation for trial, rather than for investigative or discovery purposes.

Fulton maintains that the deposition transcripts of John R. Krewson, Kmart's expert witness, and Dale Menendez, Kmart's corporate representative, were necessarily obtained in order for Fulton to draft its *Daubert* and summary judgment motions, and thus that Fulton had a reasonable expectation that these transcripts would be used in trial preparation. Fulton further maintains that David Huwe's deposition transcript was necessarily obtained because he is Defendant the City of Corinth's corporate representative; Donna Earnhart's deposition transcript was necessarily obtained because she is Fulton's corporate representative; and Keith Davidson's deposition transcript was necessarily obtained because he is Defendant E & A Southeast Limited Partnership's corporate representative. Fulton also maintains that Kmart believed the depositions of all of the Defendants' corporate representatives and experts were necessary to the case because Kmart noticed their depositions, specifically, David Huwe, Donna Earnhart, Kelly Blake Mendrop, Robert Eley, Jamie Monohan, Robert H. Alexander, and Keith Davidson. Fulton

5

supports its requests with a bill of costs and itemized list of the deposition transcripts Fulton obtained for use in the case, *see* Bill of Costs [387-1] at 1 & Fees for Printed or Electronically Recorded Trs. [387-2] at 1, and invoices showing that the amounts sought were incurred in the case, *see* Bill of Costs—Invoices for Dep. Trs. [387-2] at 2–9.

For the following reasons, the Court finds that Fulton has shown that the nine deposition transcripts were necessarily obtained for use in the case. It appears undisputed that the following seven depositions were taken at Kmart's behest: David Huwe, Donna Earnhart, Kelly Blake Mendrop, Robert Eley, Jamie Monohan, Robert H. Alexander, and Keith Davidson. Although Kmart argues this justification is not sufficient to meet Fulton's burden, Kmart offers no case law in support of its argument. Further, each of these individuals is either a corporate representative or expert witness of the litigants. Finally, Fulton has shown that transcripts of the depositions of Dale Menendez, Kmart's corporate representative, and John R. Krewson, Kmart's expert witness, provided evidentiary support for its position relative to summary judgment and were key players in Kmart's case. For all the foregoing reasons, the Court finds that all nine deposition transcripts were necessarily obtained for use in this case, as Fulton has demonstrated to this Court that Fulton had "a reasonable expectation that . . . the transcripts would be used for trial preparation." *See Marmillion*, 381 F. App'x at 430. Therefore, Fulton is entitled to recover the requested $4,442 for deposition transcript fees.

### 2. Witness Fees and Expenses

Second, Fulton seeks recovery of certain fees and travel expenses for witnesses Donna Earnhart and John R. Krewson totaling $2,224.50.[3] Fulton supports these requests with receipts

---

[3] Those requested expenses as detailed in the supplemental petition for costs [387] are as follows: Donna Earnhart—$938.57 and John Krewson—$1,285.93. The Court notes that the amount requested on Fulton's bill of costs [372-1] for Donna Earnhart's witness fees and expenses is $977.58, but the total of all requested witness fees and expenses for Donna Earnhart as detailed in the supplemental petition for costs [387] is actually $938.57. The

and documentation showing that the witness fees and expenses were incurred in the case, *see* Bill of Costs—Receipts [387-3]–[387-8]; an itemized table reflecting the witness fees and expenses incurred, Bill of Costs—Witness Fees/Expenses [387-8] at 1; and the affidavit of Fulton's counsel, Jamie F. Jacks, detailing the nature of the witness fees and expenses and attesting that those fees and expenses were incurred, *see* Jacks Aff. [387-9] at 1–2. As a prevailing party, Fulton is prima facie entitled to recover witness fees under Section 1920(3), but only as allowed by Section 1821. *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301, 126 S. Ct. 2455, 165 L. Ed. 2d 526 (2006); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Salinas v. Rodriguez*, 963 F.2d 791, 795 (5th Cir. 1992).

### a. Donna Earnhart

Fulton requests recovery of witness fees and expenses totaling $938.57 for Fulton's corporate representative, Donna Earnhart, including an attendance fee, airfare and other travel expenses, mileage for travel, and subsistence meal allowance. Kmart objects to the inclusion of these costs.

At the outset, the Court addresses Kmart's general argument that Fulton should not be entitled to recover these costs because Earnhart's deposition could have been taken at her place of business in Atlanta, Georgia, rather than at the law offices of Fulton's attorneys in Cleveland, Mississippi. Under the general rule in the Fifth Circuit, the deposition of a Rule 30(b)(6) witness should be taken at a corporation's principal place of business. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979). However, in this case, Kmart indicates in its notice of deposition that the deposition would take place at the office of Fulton's attorneys in Cleveland, Mississippi. Kmart has pointed to nothing in the record supporting that Kmart ever suggested

---

Court further notes that the amount requested for John R. Krewson's witness fees and expenses is the amount Fulton paid after splitting total cost with the other four Defendants.

7

that the deposition take place at Earnhart's place of business in Atlanta, Georgia, or that Fulton ever suggested that the deposition take place at Fulton's attorneys' office in Cleveland, Mississippi. The Court finds Kmart's argument to be unavailing. The Court now addresses the specific categories of requested travel expenses and Kmart's arguments against them.

First, Fulton requests recovery of Earnhart's witness fee of $120 for attendance at her one-day deposition and for the time necessarily occupied in going to and returning from Cleveland, Mississippi for the deposition. Section 1821(b) authorizes a witness "attendance fee of $40 per day for each day's attendance" and "the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Kmart does not present any argument addressing the requested attendance fee. The Court finds that Fulton is entitled to recover for Earnhart's attendance fee in the amount of $120, as requested.

Second, Fulton requests recovery of Earnhart's airfare totaling $403.30, as itemized in the witness fees/expenses table [387-8] at 1 and as documented in the receipts attached to the bill of costs, [387-8] at 3–4. Airfare is allowed under Section 1821(c)(1), provided that "the means of transportation [was] reasonably utilized" and the witness "utilize[d] a common carrier at the most economical rate reasonably available." *See* 28 U.S.C. § 1821(c)(1). Fulton maintains that it was reasonable for Earnhart to fly using a common carrier from Atlanta to Memphis, which has the closest airport to Cleveland, Mississippi. Fulton further maintains that the distance from Atlanta to Memphis is also the shortest practical route, as there is no closer commercial airport to Cleveland, Mississippi. Finally, Fulton maintains that the $403.30 flight ticket was the most economically reasonably rate available at the time, as Earnhart's deposition was noticed one week and one day prior to the actual deposition date. Fulton attaches documentation indicating

8

that sample flight prices for this same route with a one week, one day notice would now cost $617. *See* Sample Flight [387-3] at 1–2. Kmart presents no argument addressing the amount requested for Earnhart's airfare. Therefore, the Court finds that Fulton is entitled to recover the requested $403.30 for Earnhart's airfare.

Third, Fulton requests recovery of Earnhart's car rental mileage for roundtrip travel from the airport in Memphis, Tennessee, to Cleveland, Mississippi, totaling $126.67, as itemized in the witness fees/expenses table [387-8] at 1, and as documented by a MapQuest printout of the trip distance [387-4] and privately owned vehicle mileage reimbursement rates of the Administrator of General Services [387-5]. Fulton maintains that Earnhart had to utilize a rental car to travel to her deposition from the airport in Memphis, Tennessee. The expense of personal mileage is allowed under Section 1821(c)(2), provided that such mileage is computed on the basis of a uniformed table of distances adopted by the Administrator of General Services. District courts have held that the expenses of a rental car and associated mileage are not permitted under Section 1821 and are often unreasonable in light of more reasonable economical alternatives, such as a taxicab. *See Structural Metals, Inc. v. S & C Elec. Co.*, No. SA–09–CV–984–XR, 2013 WL 3790450, at *5–6 (W.D. Tex. July 19, 2013); *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 35 (D.P.R. 2000). However, in this case, Earnhart had to travel the distance from Memphis, Tennessee to Cleveland, Mississippi somehow. A taxicab would not have been an economical alternative. Kmart has offered no argument addressing Earnhart's rental car mileage. The Court finds that the mileage is reimbursable under the circumstances. At the time of the particular travel, August of 2013, the Administrator of General Services prescribed a mileage reimbursement rate of $0.565 per mile for travel in privately owned vehicles. To arrive at the allowable mileage reimbursement amount, the Court must

9

multiply the mileage reimbursement rate of $0.565 by the number of miles traveled by Earnhart in the car for the purpose of travel which Fulton has demonstrated was approximately 225.48 miles. Therefore, Fulton is actually authorized to recover $127.40 for Earnhart's mileage. Because Fulton only requests $126.67, however, the Court finds that Fulton is entitled to recover that amount for Earnhart's personal mileage.

Fourth, Fulton requests a subsistence allowance totaling $182, itemized as follows: $83 for Earnhart's one-night stay in Cleveland, Mississippi, on August 13, 2013, and $99 for Earnhart's one-night stay in Memphis, Tennessee on August 14, 2013. Fulton attaches receipts to the bill of costs documenting Earnhart's hotel stays. *See* Bill of Costs—Receipts [387-8] at 6, 8. Fulton maintains that these hotel stays were necessary because the location of the deposition was so far removed from Earnhart's residence in Atlanta she could not be expected to travel to and from her residence the same day of the deposition. Kmart offers no objection to this specific expense. Section 1821(d)(2) provides that "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [S]ection 5702(a) of [T]itle 5, for official travel in the area of attendance by employees of the Federal Government." According to the Administrator of General Services, the amount prescribed for maximum lodging for August of 2013 in Cleveland, Mississippi was $77 per night. Thus, the requested $83 Cleveland hotel fee will be reduced by $6, and Fulton will recover $77 for Earnhart's one-night hotel stay in Cleveland, Mississippi. Also according to the Administrator of General Services, the amount prescribed for maximum lodging for August of 2013 in Memphis, Tennessee was $93 per night. Thus, the requested $99 Memphis hotel fee will be reduced by $6, and Fulton will recover $93 for Earnhart's one-night

hotel stay in Memphis, Tennessee. Accordingly, the Court finds that Fulton is entitled to recover a total of $170 for Earnhart's subsistence allowance.

Fifth, Fulton requests recovery of a subsistence meal allowance totaling $107, itemized as follows: $46 for Earnhart for one day in August of 2013 in Cleveland, Mississippi, and $61 for Earnhart for one day in August of 2013 in Memphis, Tennessee. Fulton attaches receipts of Earnhart's meals. *See* Bill of Costs—Receipts [387-8] at 5, 7. This expense also falls under Section 1821(d)(2). According to the Administrator of General Services, the amount prescribed for a daily meal allowance in August of 2013 for Cleveland, Mississippi was $46. Also according to the Administrator of General Services, the amount prescribed for a daily meal allowance in August of 2013 for Memphis, Tennessee was $61. Accordingly, the Court finds that Fulton is entitled to recover the requested total of $107 for Earnhart's subsistence meal allowance for one day in Cleveland, Mississippi and one day in Memphis, Tennessee.

In sum, the total amount recoverable by Fulton for Donna Earnhart's witness fees and expenses is $926.97.

### b. John R. Krewson

Fulton additionally requests recovery of witness fees and expenses for Kmart's expert witness, John R. Krewson, including airfare and other travel expenses; hotel fee; and other fees listed in the bill of costs as "Consultant Travel" and "Consultant Deposition," respectively. Fulton maintains it split the costs and travel expenses for Krewson with the four other Defendants, and requests recovery for the amounts Fulton incurred as a result of this arrangement: $1,285.93. Kmart objects to the inclusion of some of these costs.

First, E & A requests recovery of Krewson's airfare totaling $892.80, as documented in the witness fees/expenses table [387-8] at 1. Kmart does not challenge the inclusion of the fee,

except to correctly state that Fulton should only be entitled to recover one-fifth of that amount, per its arrangement with the other Defendants. Accordingly, the Court finds that Fulton is entitled to recover $178.56 for Krewson's airfare.

Second, Fulton requests a subsistence allowance of $321.84 as documented in the witness fees/expenses table [387-8] at 1. According to Section 1821(d)(2), "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to [S]ection 5702(a) of [T]itle 5, for official travel in the area of attendance by employees of the Federal Government." According to the Administrator of General Services, the amount prescribed for maximum lodging for May of 2013 in Jackson, Mississippi was $77 per night. Thus, the total recoverable for hotel cost is $231. Because Fulton maintains it paid one-fifth of Krewson's witness fees and expenses, this means Fulton may recover $46.20 for Krewson's subsistence allowance.

Third, Fulton requests recovery of $214.98 for expenses associated with Krewson's rental car and fuel in Jackson, Mississippi. Kmart challenges this expense on the ground that Section 1821 does not authorize recovery for rental vehicles. As the Court stated earlier, district courts have held that the expenses of a rental car and associated mileage are not recoverable under Section 1820. *See Structural Metals, Inc.*, 2013 WL 3790450, at *5; *Pan Am. Grain Mfg. Co.*, 193 F.R.D. at 35. Indeed, in this situation, it would have been more economical for Krewson to travel to and from his destination by taxicab. *See Structural Metals, Inc.*, 2013 WL 3790450, at *6. Accordingly, the Court finds that Fulton is not entitled to recover any portion of the requested fees of Krewson's rental car and fuel.

Finally, in its bill of costs, Fulton lists a $3,000 fee for "Consultant Travel" and a $2,000 fee for "Consultant Deposition." Kmart challenges the inclusion of these fees as not statutorily

authorized. It is not clear to this Court what "Consultant Travel" and "Consultant Deposition" entail, and as such, the Court cannot determine whether these expenses are allowed under Section 1821, and if so, what amounts E & A is allowed to recover. "Section 1821 limits the amount of witness fees and makes no provision for the trial court's award to exceed that amount. Nothing over the statutory amount is recoverable." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979). For these reasons, the Court finds that Fulton is not entitled to recover for the fees listed as "Consultant Travel" and "Consultant Deposition."

In sum, the total amount recoverable by Fulton for John R. Krewson's witness fees and expenses is $224.76.

### 3. Fees for Exemplification and the Costs of Making Copies of Materials

Fulton additionally requests recovery of its fees for exemplification and the costs of making copies of materials which it maintains were incurred for use in the case, $1,145.20. A party may tax as costs "[f]ees and disbursements for printing" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3), (4); *Mota v. Univ. of Tex.*, 261 F.3d 512, 529 (5th Cir. 2001). The prevailing party must verify that the particular copies were "necessarily obtained for use in the case." *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). This is usually done by submitting an affidavit attesting that the amount claimed is correct and that the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924; *see also Alexander v. City of Jackson, Miss.*, 456 F. App'x 397, 402 (5th Cir. 2011) (affirming the denial of costs when counsel failed to explain why the copies were necessary).

Fulton seeks recovery for the costs incurred in copying documents for the purpose of responding to discovery and providing copies for all other parties in the case, filing motions, and

complying with Court Orders. Fulton also requests reimbursement of costs of obtaining documents on PACER. Fulton supports these requests with a bill of costs itemizing the specific amount claimed as exemplification and copy expenses, *see* Bill of Costs [387-1] at 1; an affidavit of Fulton's counsel's paralegal, Carolyn P. Burke, attesting that the copy expenses claimed were actually incurred and included copies of all discovery responses, *see* Burke Aff. [387-10] at 1; and a printout of Fulton's counsel's lengthy billing history on PACER, *see* PACER Billing History [387-10] at 2–24.

Kmart objects that Fulton has not met its burden in proving that the copy costs necessarily resulted from this litigation and were not merely made for Fulton's counsel convenience. However, the Court finds that Fulton's copy costs of $243.50 are supported by the paralegal's affidavit attesting that the copy costs are correct as claimed and Fulton's statements that the copies were incurred in responding to discovery and in compliance with the Court's Orders. Therefore, Fulton is entitled to recover $243.40 for copy fees.

Kmart further objects to the inclusion of the PACER costs because these costs are not enumerated in Section 1920. Kmart additionally objects to this request on the ground that Fulton has not explained why it did not take advantage of the opportunity PACER allows to print court documents for free on the initial viewing of the document or why it was necessary to re-access those documents for printing, if not merely for counsel's convenience. Fulton has not responded to this argument. The Court finds that the argument is well taken. "Most courts have refused . . . to tax as costs charges for electronic research . . . because electronic research is not listed in 28 U.S.C. § 1920 and the Supreme Court held in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987), that only items listed in [Section] 1920 could be taxed as costs." *Ill. Cent. R.R. v. Harried*, No. 5:06cv160–DCB–JMR, 2011 WL 283925, at

*6 (S.D. Miss. Jan. 25, 2011). *Accord Gros v. New Orleans City*, Nos. 12–2322, 12–2334, 12–2374, 2014 WL 2506464, at *16 (E.D. La. June 3, 2014); *Stuart C. Irby Co. v. Bayview Elec. Co.*, No. 3:12cv007–B–A, 2014 WL 670230, at *3 (N.D. Miss. Feb. 20, 2014); *Javelin Invs., LLC v. McGinnis*, No. H-05-3379, 2007 WL 1003856, at *4 (S.D. Tex. Mar. 30, 2007). "Further, though it has yet to address the question, the Fifth Circuit 'recently held that a district court abused its discretion in awarding costs, including electronic research charges, not enumerated in [Section] 1920 without citing the statutory basis for the award and remanded for the district court to do so.'" *Stuart C. Irby Co.*, 2014 WL 670230, at *3 (quoting *Harried*, 2011 WL 283925, at *6) (in turn citing *Gagnon*, 607 F.3d at 1045)). Thus, this Court finds that the PACER costs sought by Fulton must be stricken from the bill of costs.

In sum, the total amount recoverable by Fulton for fees for exemplification and copies is $243.40.

## Conclusion

In sum, Defendant Fulton Improvements, LLC's petition for costs [372] is GRANTED IN PART AND DENIED IN PART, as itemized in the corresponding order, which shall issue this day. Plaintiff Kmart Corporation is taxed $5,837.13 as costs in this action.

THIS, the 24th day of July, 2014.

_____
SENIOR JUDGE