IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KMART CORPORATION                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:11-cv-00103-GHD-DAS

THE KROGER CO. et al.                                                                DEFENDANTS

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT KANSAS CITY SOUTHERN RAILWAY COMPANY'S MOTION FOR BILL OF COSTS

On May 2, 2011, Plaintiff Kmart Corporation commenced this suit against the Federal Emergency Management Agency; the City of Corinth; Fulton Improvements, LLC; Kansas City Southern Railway Company; E & A Southeast Limited Partnership; and The Kroger Co. On January 22, 2014, the Court entered an Order [358] and memorandum opinion [359] granting the motion for summary judgment [253] filed by Defendant Kansas City Southern Railway Company ("KCSR") against Plaintiff Kmart Corporation ("Kmart"). Specifically, the Court found that Kmart failed to raise a genuine dispute of fact on its claims against KCSR. Thus, the Court dismissed KCSR as a party.[1]

KCSR has now filed a petition for costs [375 & 376] with attached bill of costs and supporting documentation.[2] Kmart has filed objections [377] to the petition for costs. For the

---

[1] All other Defendants have been dismissed, as well. The Court dismissed the Federal Emergency Management Agency and the City of Corinth on immunity grounds. *See* Ct.'s Order [50] & Mem. Op. [51] Granting FEMA's Mot. Dismiss; Ct.'s Order [209] & Mem. Op. [210] Granting City of Corinth's Mot. Dismiss. The Court granted summary judgment to Fulton Improvements, LLC; E & A Southeast Limited Partnership; and The Kroger Co. *See* Ct.'s Order [354] & Mem. Op. [355] Granting Fulton's MSJ; Ct.'s Order [358] & Mem. Op. [359] Granting KCSR's MSJ; Ct.'s Order [360] & Mem. Op. [361] Granting E & A's MSJ; & Ct.'s Order [368] & Mem. Op. [369] Granting The Kroger Co.'s MSJ.

[2] KCSR has apparently filed two identical bills of cost [375 & 376]. Throughout this memorandum opinion, the Court will refer to these documents as one document.

1

following reasons, the Court finds that KCSR's request for costs shall be granted in part and denied in part.

Rule 54(d)(1) of the Federal Rules of Civil Procedure controls where a party seeks to recover costs, and it provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (Feb. 26, 2013). "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (quoting *Walters*, 557 F.2d at 526) (citation and internal quotation marks omitted). If the party against whom costs are taxed objects, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

The following six categories of costs are recoverable:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

2

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A district court may decline to award costs within the statutory categories, but it may not award costs outside those categories. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). The "Supreme Court has indicated that federal courts may only award those costs articulated in [S]ection 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007).

Costs related to the taking of depositions are allowed under Section 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit has stated: "We have previously held that 'whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court. We accord great latitude to this determination.' " *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011) (quoting *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)). "[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co.*, 170 F.3d at 536 (citing *Fogleman*, 920 F.2d at 285). Stated another way, "such costs are recoverable if the party making the copies <u>has a reasonable</u>

3

belief that the documents will be used 'during trial or for trial preparation.' " *See Rundus*, 634 F.3d at 316 (quoting *Fogleman*, 920 F.2d at 285) (emphasis added). "[C]osts incurred 'merely for discovery' do not meet that standard." *Id.* (quoting *Fogleman*, 920 F.2d at 285–86) (internal citations and quotation marks omitted)). The Fifth Circuit explained in *Marmillion v. American International Insurance Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam): "We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for a party to recover the costs of the deposition transcript. . . . [T]he pertinent question is whether the transcript was necessarily obtained for use in the case."

KCSR claims it is entitled to recover $8,872.85 for eleven deposition transcripts obtained in the case of the following deponents: Kelly Blake Mendrop, Robert H. Alexander, Robert Eley, Jamie Monohan, Keith Davidson, Donna Earnhart, Wissam Shtaih, Michael Schmidt, David Huwe, Dale Menendez, and John R. Krewson.[3] As stated above, KCSR, as a prevailing party, is prima facie entitled to the costs of obtaining these deposition transcripts, but because Kmart has objected to the costs, KCSR must support its request with evidence documenting the costs incurred and proof that the deposition transcripts were necessarily obtained for use in the case.

Kmart objects to KCSR's bill of costs, arguing that because KCSR never provided Kmart with a list of witnesses or deposition testimonies KCSR expected to present at trial, KCSR never demonstrated which, if any, of the eleven deposition transcripts were actually necessary for KCSR's trial preparation and thus that KCSR has failed to meet its burden in showing that these deposition transcripts were necessarily obtained for use in the case. Kmart further argues that even if some of the deposition transcripts were necessarily obtained for use in the case, the

---

[3] Those requested deposition transcript fees are itemized as follows: Kelly Blake Mendrop—$363.50; Robert H. Alexander—$361.75; Robert Eley—$324; Jamie Monohan—$271.25; Keith Davidson—$345.25; Donna Earnhart—$587.50; Wissam Shtaih—$610.75; Michael Schmidt—$561.75; David Huwe—$1,036.50; Dale Menendez—$2,781.60; and John R. Krewson—$1,629. *See* Bill of Costs—Chart of Dep. Expenses [376-2] at 1.

4

deposition transcripts of Robert Eley, Jamie Monohan, Keith Davidson, Donna Earnhart, Wissam Shtaih, and Kelly Blake Mendrop were not, as the same were not even referenced in KCSR's summary judgment motion and corresponding briefs. Kmart further argues that KCSR's objection to Kmart's motion to extend the discovery deadline to depose all of the Defendants' corporate representatives and experts indicates that KCSR felt that these particular deposition transcripts were not necessary for use in the case. Kmart also argues that the costs should be excluded because KCSR has not shown that these deposition transcripts were obtained out of necessity or for KCSR's preparation for trial, rather than for investigative or discovery purposes. Kmart also presents specific arguments against certain deposition transcripts which are examined below.

### 1. Dale Menendez's and John R. Krewson's Deposition Transcripts

First, KCSR requests recovery of the costs incurred to obtain the deposition transcripts of Dale Menendez and John R. Krewson. KCSR maintains that the deposition transcripts of Menendez, Kmart's corporate representative, and Krewson, Kmart's expert witness were necessarily obtained because KCSR relied on those deposition transcripts in drafting its *Daubert* and summary judgment motions, and thus that KCSR had a reasonable expectation that these transcripts would be used in trial preparation. KCSR documents these expenses by its bill of costs, as well as an attached chart of deposition expenses [375-2] at 1 and invoices supporting that these costs were incurred [375-2] at 24–27.

Kmart objects to the inclusion of these deposition transcripts in the bill of costs, because it maintains that the costs incurred by KCSR to obtain these deposition transcripts is significantly higher than the costs incurred by both Defendant E & A Southeast Limited Partnership ("E & A") and Defendant Fulton Improvements, LLC ("Fulton"), and that KCSR offers no explanation

for these inflated prices. Kmart points out that KCSR paid $2,781.60 for Menendez's deposition transcript, but E & A paid only $842 and Fulton paid only $798 for the same transcript. Kmart further points out that KCSR paid $1,629 for Krewson's deposition transcript, but E & A paid only $782 and Fulton paid only $752 for the same transcript. Finally, Kmart maintains that the invoices attached to KCSR's petition for costs show that KCSR obtained both an original and a copy of these transcripts from the court reporter and maintains that it should not have to pay for both an original and a copy of these transcripts. However, Kmart does not request that the bill of costs be reflected by any specific amount.

The Court finds that KCSR has shown that the deposition transcripts of both Menendez and Krewson were necessarily obtained for use in the case, as the same provided evidentiary support for its position relative to summary judgment and were key players in Kmart's case. However, the Court finds that KCSR is not entitled to recover the requested $4,410 for the deposition transcripts of Menendez and Krewson and instead is entitled to recover one-half of the requested amount for each transcript: $1,390.80 for Menendez and $814.50 for Krewson, a total of $2,205.30 for the deposition transcripts of Menendez and Krewson.

**2. Other Deposition Transcripts**

Next, KCSR requests recovery of the costs incurred to obtain the deposition transcripts of Kelly Blake Mendrop, Robert H. Alexander, Robert Eley, Jamie Monohan, Keith Davidson, Donna Earnhart, Wissam Shtaih, Michael Schmidt, and David Huwe. KCSR specifically sets out that Kmart believed the depositions of all of the Defendants' corporate representatives and experts were necessary to the case because Kmart noticed their depositions, specifically, Kelly Blake Mendrop, KCSR's engineering expert; Robert H. Alexander, KCSR's damages expert; Robert Eley, the other Defendants' engineering expert; Jamie Monohan, the other Defendants'

6

engineering expert; Keith Davidson, E & A's corporate representative; Donna Earnhart, Fulton's corporate representative; Wissam Shtaih, Defendant The Kroger Co.'s corporate representative; Michael Schmidt, KCSR's corporate representative; and David Huwe, the City of Corinth's corporate representative. It appears undisputed that the foregoing nine depositions were taken at Kmart's behest. Although Kmart argues this justification is not sufficient to meet KCSR's burden, Kmart offers no case law in support of its argument. Further, although Kmart argues that its claims against KCSR are separate and distinct from those against the other Defendants, KCSR specifically maintains that these individuals are each either a corporate representative or expert witness of the litigants, that their testimonies were necessary to KCSR's trial preparation, and that KCSR used the deposition testimony of its own experts in drafting its *Daubert* and summary judgment motions. Thus, KCSR maintains that it had a reasonable expectation that these transcripts would be used in trial preparation. KCSR documents these expenses by its bill of costs, as well as an attached chart of deposition expenses [375-2] at 1, and invoices supporting that these costs were incurred [375-2] at 1–23. The Court finds that KCSR has demonstrated that it is entitled to recover for these nine deposition transcripts.

Kmart points out that the cost incurred by KCSR to obtain the deposition transcript of David Huwe is substantially higher than the other Defendants incurred for the same transcript; KCSR paid $1,036.50 to obtain Huwe's deposition transcript, while E & A paid only $593.75 and Fulton paid only $608.75 for the same transcript. KCSR's documentation supporting this cost indicates that KCSR obtained only one certified copy of Huwe's deposition transcript for this amount. Thus, the Court finds that KCSR is entitled to recover the full amount requested for Huwe's deposition transcript.

7

For all the foregoing reasons, the Court finds that these eleven transcripts were necessarily obtained for use in this case, as KCSR has demonstrated to this Court that KCSR had "a reasonable expectation that . . . the transcripts would be used for trial preparation." *See Marmillion*, 381 F. App'x at 430. The Court further finds that the bill of costs should be reduced by $2,205.30, as explained above with respect to the deposition transcripts of Dale Menendez and John R. Krewson.

## Conclusion

In sum, Defendant Kansas City Southern Railway Company's petition for costs [375 & 376] is GRANTED IN PART AND DENIED IN PART. The bill of costs is reduced by $2,205.30. Plaintiff Kmart Corporation is taxed $6,667.55 as costs in this action.

An order in accordance therewith shall issue this day.

THIS, the 24th day of July, 2014.

_____
SENIOR JUDGE